# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
**(516) 328-8899**
**(516) 328-0082**

May 28, 2021

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1804

> *Re:*   **JGIAP RH 160 LLC v. CRI Holding Corp.,** *et al.*
> **Case No.: 1:21-cv-2489 (DG) (JRC)**

Dear Judge Gujarati:

This firm represents Manda International Corp. ("Manda"), Strikeforce Mechanical Corp. ("Strikeforce"), and Angel Corrao ("Corrao") (Manda, Strikeforce, and Corrao collectively hereinafter referred to as "Defendants") in the above referenced case. Defendants submit this request pursuant to this Court's Individual Practice Rules for the scheduling of a pre-motion conference to obtain permission to move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").

Plaintiff JGIAP RH 160 LLC (hereinafter the "Plaintiff"), a shell corporation which did not exist during the time period relevant to the allegations in the complaint, has taken the hackneyed tactic of trying to cloak what is nothing more than a billing dispute over construction services provided by Manda and Strikeforce with stigma-inducing Racketeer Influenced and Corrupt Organizations Act ("RICO") claims to avoid paying for the work performed. The complaint is littered with inconsistencies and abject deficiencies (some of which are discussed here) and must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Indeed, the Plaintiff's RICO claims are patently a power play which is entirely devoid of merit. "[I]t is well known that the federal courts are flooded with cases molded to the RICO form, even though they are truly little more than garden variety claims for fraud." <u>See</u> Am. Fed'n of State v. Bristol-Myers Squibb Co., 948 F. Supp. 2d 338, 345 (S.D.N.Y. 2012). "Consequently, courts have an obligation to scrutinize civil RICO claims early in the litigation [to] separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud." <u>Id.</u> (quoting <u>Rosenson</u>, 2012 U.S. Dist. LEXIS 12007, at *13).

Here, Plaintiff asserts alleged RICO violations under 18 U.S.C. §§ 1962(c) and (d). <u>See</u> Docket Entry 1 (hereinafter "<u>Compl.</u>") at ¶¶ 125-166. "To establish a claim for a civil violation of section 1962(c), 'a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" <u>See</u> Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999). In order to plead a "pattern of racketeering," a plaintiff must plausibly allege multiple acts of racketeering activity occurring within 10 years of each other, <u>see</u> 18 U.S.C. § 1961(5); <u>see also</u> Elsevier, Inc. v. Grossman 2013 WL 6331839, at *9 (S.D.N.Y. 2013), and the predicate acts must be "related" and "continuous." <u>See</u> H.J. Inc., et al. v.  Northwestern Bell Tel. Co., 492 U.S. 229, 238-44 (1989).

"Continuity" may be established through either "a closed period of repeated conduct, or … past conduct that by its nature projects  into the future with a threat of repetition." Id. at 241 (citation omitted); see also First Capital  Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir. 2004) (RICO plaintiffs "must  allege either an open-ended pattern of racketeering activity (i.e., past criminal conduct coupled  with a threat of future criminal conduct) or a closed-ended pattern (i.e., past criminal conduct extending over substantial period of time).

Here, Plaintiff fails to allege an open-ended pattern of continuity, which exists where defendants' predicate acts represent an ongoing way of conducting defendants' business." See Kalimantano GmbH v. Motion in Time, Inc., 939 F. Supp. 2d 392, 406 (S.D.N.Y. 2013). With respect to an enterprise that is primarily legitimate, there "must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." See Id. at 406 (quoting DeFalco v. Bernas, 244 F.3d 286, 323 (2d Cir. 2001). Notably, the Plaintiff alleges that Manda was a "holding company" of Corrao. Manda was formed in 1993[1] and Plaintiff makes no allegations that the alleged predicate acts are Manda's "regular way of operating."

Moreover, the Plaintiff does not allege facts of an open-ended pattern of continuity; it has essentially alleged a single fraud that was carried out over the course of approximately six months between January and June 2020 (see, Compl. ¶ 87) and then November 2020 (Id. ¶¶ 148-49). This is insufficient as a matter of law. It is well-established that such an "inherently terminable" scheme cannot establish open-ended continuity for RICO purposes.  For example, in Cofacredit, S.A. v. Windsor Plumbing Supply Co., the Second Circuit found that the defendants' year-long mail and wire fraud scheme did not constitute open-ended continuity because it was a "discrete and relatively short-lived scheme to defraud a handful of victims through racketeering activity" rather than a regular way of doing business. See 187 F.3d at 244 (citation omitted).  The Plaintiff, here, also fails to allege open-ended continuity based upon predicate acts that imply a threat of continued criminal activity that is "inherently unlawful". The Second Circuit has clarified that this theory only applies to "inherently unlawful" criminal activities in pursuit of "inherently unlawful" goals, such as murder, obstruction of justice, narcotics trafficking, embezzlement, extortion, bribery, and money laundering. See United States v. Aulicino, 44 F.3d 1102, 1111 (2d Cir. 1995).  None of those acts are alleged here. In contrast, ordinary fraud, as is alleged here, is not considered "inherently unlawful" under this theory. Id. at 1111 (citing cases); see also Int'l Bhd. of Teamsters v. Carey, 297 F.  Supp. 2d 706, 715 (S.D.N.Y. 2004) ("[F]raud (the object of which is by definition to obtain money or property from others) has been held not to be 'inherently unlawful' in the RICO continuity context." (citation omitted)), aff'd sub nom. Int'l Bhd. of Teamsters v. Blitz, 124 Fed. Appx. 41 (2d Cir. 2005); Econ. Opportunity Comm'n v. Cnty. of Nassau, 47 F. Supp. 2d 353, 366-67 (E.D.N.Y. 1999) (mail fraud, wire fraud and Hobbs Act predicates are not inherently unlawful for purposes of RICO continuity). Because Plaintiff's RICO claims are predicated solely on allegations of fraud, Plaintiff cannot establish open-ended continuity and the RICO claims fails.

---

[1] Defendants request that this Court take judicial notice of publicly available records from the New York State Department of State's business entity records identifying Manda's initial filing date as January 15, 1993.

Nor can Plaintiff establish a pattern of racketing under a theory of "closed-ended continuity," because "close-ended continuity" hinges primarily upon the duration of the alleged predicate acts. See DeFalco, 244 F.3d at 321. A plaintiff seeking to establish continuity under this theory must prove "a series of related predicates extending over a substantial period of time." Id. (quoting H.J. Inc., 492 U.S. at 242). It is well-settled that "[p]redicate acts extending over a few weeks or months . . . do not satisfy this requirement." See H.J. Inc., 492 U.S. at 242. Indeed, the Second Circuit "has never held a period of less than two years to constitute a 'substantial period of time'" for purposes of demonstrating closed-ended continuity. See DeFalco, 244 F.3d at 321 (citing cases). Here, the Plaintiff has alleged that the purported scheme was carried out between January and June 2020 and then discretely in November 2020, therefore, close-ended continuity cannot be pled. See Halvorssen v. Simpson, 807 Fed. Appx. 26 (2d Cir 2020) (11 months insufficient). Since Plaintiff has failed to allege, as required, two or more predicate acts constituting a pattern of racketeering activity, the RICO claims must be dismissed.

Further, the Plaintiff's allegations of association-in-fact enterprise are conclusory. ¶¶ 136-137. There are no specific allegations that the enterprise has an existence separate and apart from the racketeering scheme itself. See Town of Mamakating v. Lamm, 2015 US Dist LEXIS 121471 (SDNY 2015) (numerous alleged predicate acts that might demonstrate the existence of a pattern of racketeering activity were not sufficient to show an association-in-fact RICO enterprise.)

In addition, the Plaintiff's failure to plead a substantive RICO claim under 18 U.S.C. § 1962(c) necessarily defeats its conspiracy claim under 18 U.S.C. § 1962(d). See Lynn v McCormick, 760 Fed. Appx. 51 (2d Cir. 2019). Likewise, and crucially, the Plaintiff failed to sufficiently allege there was an agreement between Defendants and the other defendants to violate RICO's substantive provisions. See Butcher v. Wendt, 975 F.3d 236, 241 (2d Cir. 2020). The Plaintiff has merely alleged Manda and Strikeforce were hired by defendants CRI Holding Corp.; that Manda and Strikeforce submitted fraudulent invoices; and CRI accepted, reviewed, and paid out monies to Manda and Strikeforce. This does not rise to the level of collusion required for an agreement under RICO. The Plaintiff has alleged nothing more than rank speculation which is insufficient. Id.

Further, since the RICO claims cannot survive Defendants' anticipated motion to dismiss, all that remains are the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) this Court's discretionary authority. Nevertheless, Defendants contend the fraud claims are purely frivolous.

Finally, it is anticipated that Plaintiff may seek to amend its complaint to save itself from the inevitable dismissal of the poorly strategized Trojan horse into federal court. To the extent that this Court grants such relief (which it should not, as it would be futile based on the foregoing arguments), Defendants respectfully request an Order requiring Plaintiff to comply with Rule 8 in fashioning a short and plain statement: (i) of the grounds for this Court's jurisdiction; (ii) of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(1) and (2); see also Snyder v. County of Nassau, 2021 WL 1825540, at *1 (E.D.N.Y. Mar. 31, 2021).

The complaint in this case is unduly long and in direct violation of Rule 8. In the unlikely event it survives Defendants' anticipated motion to dismiss or this Court grants Plaintiff leave to amend the complaint prior to Defendants' anticipated motion, this Court should require the Plaintiff to read Rule 8 and rescue itself from the blatant violation thereof.

Dated: Lake Success, New York
       May 28, 2021

                                                 **MILMAN LABUDA LAW GROUP PLLC**

                                              _____/s_____

                                              Michael J. Mauro, Esq.
                                              Emanuel Kataev, Esq.
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (telephone)
                                              (516) 328-0082 (facsimile)
                                              michael@mllaborlaw.com
                                              emanuel@mllaborlaw.com

cc:    All counsel of record (via ECF)
       Defendants

4