**MARK S. FRIEDLANDER**
ATTORNEY AT LAW

101 Lafayette Street-10th Floor
NEW YORK, NY 10013
(212) 962-2877

FACSIMILE
(212) 571-4613

July 15, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Judge Diane Gujarati, U.S.D.J
225 Cadman Plaza East
Brooklyn, New York 11201-1804

**Re: JGIAP RH 160 LLC V. CRI Holding Corp.,** *et al*
   **Case No. : 1:21-cv-2489 (DG) (JRC)**

Dear Judge Gujarati:

    I am the attorney for CRI Holding Corp. and Touraj Naghieh, the first two named defendants in the above referenced action (hereinafter referred to as "Defendants CRI and Naghieh"). Defendants CRI and Naghieh submit this request pursuant to this Court's Individual Practice Rules for the scheduling of a pre-motion conference to obtain permission to move to dismiss the complaint under Rule (12) (b) (6) of the Federal Rules of Civil Procedure (hereinafter "Rule" or "Rules"). As will be shown below, the instant complaint, though lengthy, fails to posit the elements necessary to bring a proper RICO action before this Court and should be dismissed pursuant to Rule (12) (b) (6).

    At this juncture it is important for this Court to understand how this Plaintiff became involved in the construction project for the premises 160 Imlay Street, Brooklyn, New York. The project was the conversion of the warehouse premises, known as the New York Dock Building ("Premises") into residential condominiums in the Red Hook section of Brooklyn. This project was already in disarray at the time that Defendant CRI entered into an agreement on or about April 12, 2019. with the fee owner of the Premises, 160 Red Hook LLC to provide project advisory services. That original agreement was amended by a writing on July 15, 2019 and again on August 8, 2019. At all times the services to be performed by Defendant CRI were advisory in nature to assist 160 Red Hook LLC in bringing the work to the point where a Temporary Certificate Of Occupancy ("TCO")could be issued by the New York City Department of Buildings for the project. Defendant was able to obtain this initial Temporary Certificate of Occupancy in or about late October 2019. The TCO was good for only two months and had to be periodically renewed. Defendant CRI was able to continue to the TCO as needed until March 2021. Defendant CRI was terminated from the project by written notice dated March 19, 2021 effective as of April 16, 2021.

The Plaintiff had no participation in the effort to facilitate in bringing the project to conclusion. The Plaintiff is the assignor of all title and interest of the mortgage and collateral agreements from the assignee Churchill 160 Imlay Lender LLC, who was the assignor of the mortgage from ACREFI Mortgage Lender LLC dated December 27, 2019. Plaintiff's sole purpose in being is to step into the shoes of the prior lender and to bring this action. Plaintiff's apparent basis for bringing this action is as the assignee of the "ancillary agreements," originally executed by Red Hook 160 LLC with Defendant CRC., as stated in Docket Entry 1(hereinafter "Compl.") [see Compl., at ¶¶ 32-33]. It is the alleged violation of these "ancillary agreements" that constitutes the fraud that is the touchstone of Plaintiff's RICO action (see Compl., at ¶¶ 66-68; ¶¶ 80-94).

Plaintiff has framed its complaint to assert alleged RICO violations by the named Defendants pursuant to 18. U.S.C. §§1962 (c) and (d) (see Compl., at ¶¶ 126-166). It has been judicially recognized that a RICO claim contains three elements: (a) a violation of 18 U.S.C §1962; (b) injury to Plaintiff's property or business; (c) causation of the injury by the violation. See Sky Medical Supply Inc. v. SCS Support Claims Service Inc., et al 17 F. Supp.3d 207 (E.D.N.Y. 2014). To state a violation of 18 U.S.C. §1962 (c) Plaintiff must show that he was injured by defendant's (1) conduct; (2) of an enterprise (3) through a pattern (4) racketeering. See Anatian v. Coutts, Bank Ltd., 193 F.3d 85, 88 (2d Cir.1999); S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.,84 F.3d 629, 633 (2d Cir.1996).

RICO defines racketeering activity to mean "any act which is indictable under" specified provisions of Title 18, including mail fraud. 18 U.S.C. §1961(1) (B). "To prove a violation of the mail fraud statute, plaintiff must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme." See Lundy v. Catholic Health Systems of Long Island, (quoting McLaughlin v. Anderson, 962 F. 2d 107 (2d cir. 1992); 711 F.3d 106 (2d cir. 2013) Moreover, pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must plead the elements of mail fraud with particularity in order to survive a motion to dismiss, and "[b]are-bones allegations do not satisfy Rule 9(b)."*Id.* Rather, as noted *supra*, "the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'"*Id.*(quoting *Cosmas v. Hassett,*886 F.2d 8, 11 (2d Cir.1989). Plaintiff's complaint speaks of Defendant CRI'S (and that of Defendant Touraj) in broad general terms without particulars as to the dates and contents of specific documents "mailed" contrary to Rule 9 (b). [See Compl., at ¶¶ 80-100]. Further, the overstated allegations of fraud on their face are nothing more than attempt to allege ordinary fraud that is not considered to be unlawful. See United States v. Aulicino, 44 F.3d 1102 (2d Cir. 1995). Fraud that is calculated to obtain money or property has been held not to be "inherently unlawful" in the RICO continuity context. See Int'l. Bhd. of Teamsters v. Carey, 297 F. SUPP. 2D 706 (S.D.N.Y. 2004). Plaintiff has offered nothing more than "[b]are-bones allegations do not satisfy Rule 9(b)." See Luce v. Edelstein, 802 F. 2d 49 (2d. Cir., 1986); COFACREDIT, SA v. Windsor Plumbing Supply Co., 187 F. 3d 229 (2d Cir. 1999).

At the preliminary stage of this litigation the question to be addressed is if Plaintiff has the standing to bring this action. The civil RICO statute, 18 U.S.C. §1964(c) provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor and shall recover threefold the damages he sustains." This language contains no special limitation on standing; all that is required is that plaintiff suffer injury in fact. See Sedima v. Imrex Co.,473 U.S. 479 (1985). Plaintiff having failed to establish economic harm to its business or property

through a violation of 18 U.S.C §1962 (c), cannot establish an economic injury to establish standing sufficient to sustain this action. See Sedima v. Imrex Co.,473 U.S. 479 (1985); Banker's Trust Company v. Rhoades, 859 F.2d 1096 ( 2d Cir.1988).

A RICO action requires a showing of a pattern of racketeering. The plaintiff must plead at least two predicate acts. See § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989). A "pattern of racketeering activity" consists of "at least two [predicate] acts of racketeering activity" committed in a ten-year period. Continuity of a pattern of racketeering activity may either be a closed period of repeated conduct or past conduct that by its nature projects into the future with the threat of repetition. See First Capital Asset Mgmt. v. Satinwood, Inc. 385 F. 3d 159 (2d Cir. 2004). Plaintiff's underlying claim of fraud speaks to a pattern of racketeering that would by its nature be considered "close ended continuity." Paragraph 87 of the complaint alleges pattern of fraudulent activity for six months, from January and June 2020 with some other "activity" in November 2020. This is hardly sufficient to support a claim of "closed end continuity". So-called "continuity" requirement can be satisfied either by showing a "closed-ended" pattern — a series of related predicate acts extending over a substantial period of time. See Spool v. World Child Intern. Adoption Agency, 520 F. 3d 178 ( 2d Cir. 2008). The Second Circuit has made it plain that any period of less than two years is insufficient to establish a pattern of "closed end continuity". See DeFalco v. Bernas, 244 F.3d 286 (2d Cir.2001); GICC Capital Corp. v. Technology Finance Group, 67 F. 3d 463 (2d Cir. 1995); Metromedia v. Fugazy, 983 F.2d 350 (2d Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct.

Plaintiff's failure to properly plead a cognizable RICO claim under 18 U.S.C §1962 (c) as described above, sunders any claim by Plaintiff under 18 U.S.C. §1962 (d). In the absence of any predicate acts to trigger 18 U.S.C §1962 (c), there cannot be any finding of a viable conspiracy.18 U.S.C §1962 (c). See Lynn v. McCormick, ("the alleged conspiracy was an agreement to commit the same substantive RICO violations we have deemed insufficiently pled, so there was no agreement to violate RICO's substantive provisions.") 760 Fed. Appx.51 (2s Cir. 2019); Williams v. Affinion Grp., LLC, 889 F.3d 116, (2d Cir. 2018).

Being that it is likely that this Court will permit a motion to dismiss to the RICO claims to be made and it equally likely that such motion will be granted, the remaining state claims should not be heard in this Court. The proper forum for such claims in the absence of a viable RICO action is New York State Supreme Court in Kings County where the subject premises are located.

Dated : New York, New York
       July 16, 2021

/s/ _____
MARK S. FRIEDLANDER, Esq.
101 Lafayette Street-10th Floor
New York, New York 10013
(212) 962-2877 (telephone)
(212) 571-4613 (facsimile)
msfesq47@aol.com

cc:    All counsel of record (via ECF)
        Defendants