

**Ryan M. Wilson**
Direct T: (212) 209-4450
rwilson@atllp.com

September 26, 2021

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    JGIAP RH 160 LLC v. CRI Holding Corp., *et al.*
               Case no.: 21-cv-02489-DG-JRC

Dear Judge Gujarati:

      We represent Plaintiff in the above referenced matter. At the Pre-Motion Conference ordered by Your Honor, on September 3, 2021, Your Honor instructed the Parties to confer and jointly determine whether mediation or another form of alternative dispute resolution would be amenable to all Parties. On September 19, 2021, after conferring with its opposing counsel, Plaintiff submitted a letter to the Court indicating that the Parties had agreed to submit their dispute to a non-binding settlement conference with Magistrate Judge Cho. In entering a docket order confirming the Parties' agreement to a settlement conference, the Court requested *ex parte* letters detailing settlement discussions and the strengths and weaknesses of each respective party's case. The Court also instructed the parties that they were "encouraged to discuss settlement prior to submission of the *ex parte* letters."

      In accordance with the Court's Order, Plaintiff initiated settlement discussions with the Defendant parties. Specifically, Plaintiff initiated discussions with Defendant CRI Holding Corp. ("CRI") and its principal, Touraj Naghieh. As Plaintiff proceeded in good faith settlement discussions with CRI and Mr. Naghieh, Plaintiff believed that progress was being made and there was a potential for a pre-mediation resolution with CRI and Mr. Naghieh. However, Plaintiff has learned that Mr. Naghieh was not using the time afforded to conduct good faith settlement negotiations, but instead was surreptitiously contacting a number of investors in the construction project that is the subject of the above-referenced action to solicit their support in this matter by requesting what can most generously be described as exaggerated testimony. The respective investors, of course, rejected this request and informed Plaintiff that CRI and Mr. Naghieh were attempting to solicit their support, going so far as to inexplicably threaten that their inaction would lead to litigation with Plaintiff. While Plaintiff is loathe to divulge settlement communications, Plaintiff is constrained to note that CRI made these threats in an attempt to force investors, who in

part as a result of CRI's conduct have lost millions of dollars, to pay him for his cooperation and ask that they divert proceeds of sales at the condominium (which constitute Plaintiff's collateral) to pay Plaintiff. This settlement would let Mr. Nagieh, the architect of the scheme walk away with a not insignificant payment for perpetrating his fraud. This is the very type of glad handed use of other people's proceeds that has been the hallmark of Mr. Naghieh's conduct as set forth in the complaint. It goes without saying that such actions are, at best, bad faith. CRI and Mr. Naghieh's conduct is unacceptable and Plaintiff will take all appropriate actions to ensure that Mr.Naghieh's conduct is not permitted to continue to mislead and threaten third parties in an attempt to obtain support in this action.

CRI and Mr. Naghieh's conduct is not only bad faith, it also undermines the professionalism that is a critical component of any successful mediation.

In light of CRI and Mr. Naghieh's conduct, it is unfortunately clear to Plaintiff that a mediation session would be futile and a waste of both the Court's and the Parties' resources. Given that CRI and Mr. Naghieh have shown nothing but duplicitous conduct leading up to this action, and now apparently afterwards, Plaintiff simply does not believe that Mr. Naghieh is capable of even reaching a settlement in good faith, much less honoring the terms of such an agreement. Therefore, Plaintiff respectfully must – much to its dismay – inform the Court that Plaintiff withdraws its consent to a mediation, or any other form of dispute resolution. Given Defendant CRI and Mr. Naghieh's continued recalcitrance and demonstrated desire to continue running their confidence scheme, it appears unlikely any non-judicial resolution is viable. Engaging in such a procedure would require a level of professionalism and integrity that CRI and Mr. Naghieh are either unable or unwilling to demonstrate.

Plaintiff stands ready to have reasonable settlement discussions when and if each Defendant demonstrates an earnest, good faith desire to resolve this litigation. But such discussions cannot occur in a vacuum. Unless and until CRI and Mr. Naghieh express any semblance of good faith conduct in their interactions and discussions with Plaintiff, neither a settlement conference nor mediation can be productive to resolving this matter.

The Plaintiff will make it self immediately available should the Court have any questions or concerns. Thank you.

Respectfully submitted,

_____
Ryan M. Wilson, Esq.
ARMSTRONG TEASDALE LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: 212.209.4400
rwilson@atllp.com