# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
**(516) 328-8899**
**(516) 328-0082**

September 29, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1804

    *Re:*    **JGIAP RH 160 LLC v. CRI Holding Corp.,** *et al.*
            **Case No.: 1:21-cv-2489 (DG) (JRC)**

Dear Judge Gujarati:

    This firm represents Manda International Corp. ("Manda"), Strikeforce Mechanical Corp. ("Strikeforce"), and Angel Corrao ("Corrao") (Manda, Strikeforce, and Corrao collectively hereinafter referred to as "Defendants") in the above referenced case. Defendants submit this letter in response to Plaintiff's September 26, 2021 letter seeking to cancel the mediation currently scheduled to take place on October 4, 2021 at 2:30 PM. <u>See</u> Docket Entry 36. In addition, and as further set forth below, Defendants request a pre-motion conference.

    Plaintiff's complaint asserting a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") is a thinly veiled attempt to disguise the true nature of this case: a basic billing dispute over a construction project. Defendants are owed millions of dollars for construction services performed on the subject property and remain amenable to mediation in order to resolve same.

    Defendants therefore respectfully request an Order directing Plaintiff to appear for a mediation, as this Court is permitted to do. Indeed, Rule 16 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." <u>See</u> Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." <u>See</u> <u>Chen v. Marvel Food Servs., LLC</u>, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); <u>see also</u> 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences).

    In the alternative – should this honorable Court decline to Order Plaintiff to appear for a mediation – Defendants respectfully request that a briefing schedule be entered for Defendants' motion to dismiss. In addition, pursuant to this Court's Individual Rules, Defendants also respectfully a pre-motion conference be set for the purposes of permitting Defendants to conduct limited discovery on the issue of Plaintiff's standing and, as it relates to the abstention doctrine, which Defendants raised before this Court at the September 3, 2021 pre-motion conference.

While a party generally may not seek discovery prior to the parties' Rule 26(f) conference, it may do so upon obtaining leave of the Court. See Fed. R. Civ. P. 26(d)(1). The Court will permit such early discovery upon a showing of "reasonableness" and "good cause." See Strike 3 Holdings, LLC v. Doe, 2021 U.S. Dist. LEXIS 120135 (S.D.N.Y. June 28, 2021).

Indeed, as Defendants informed this Court at the conference, Defendants recently opposed a special proceeding in the Supreme Court of the State of New York, Kings County, concerning a lien itemization petition filed by the property owners of the subject premises. See petition annexed hereto as **Exhibit "A."** Notably, the petitioner in that special proceeding is not a party to this case. Plaintiff has subsequently stated its position as to why it believes it has standing. Nevertheless, it is beyond cavil that Defendants must have access to relevant documents to determine whether Plaintiff's position can be substantiated to determine whether a motion on that issue can be avoided.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
September 29, 2021

                                                     Respectfully submitted,

                                                     **MILMAN LABUDA LAW GROUP PLLC**

                                                     _____/s_____
                                                     Michael J. Mauro, Esq.
                                                     Emanuel Kataev, Esq.
                                                     Kyle F. Monaghan, Esq.
                                                     3000 Marcus Avenue, Suite 3W8
                                                   Lake Success, NY 11042-1073
                                                   (516) 328-8899 (telephone)
                                                   (516) 328-0082 (facsimile)
                                                   michael@mllaborlaw.com
                                                   emanuel@mllaborlaw.com
                                                   kyle@mllaborlaw.com

cc:     All counsel of record (via ECF)
         Defendants (via email)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
In the Matter of the Application of
RED HOOK 160 LLC,                                    :

                       Petitioner,          Index No.

For an Order and Judgment pursuant to Lien Law   :   **NOTICE OF PETITION**
§ 38 requiring Respondents to provide verified itemized
statements of mechanic's lien,
                                                    :

      -against-

MANDA INTERNATIONAL CORP., and
STRIKEFORCE MECHANICAL CORP.,                        :

                     Respondents.            :
----------------------------------------X

     **PLEASE TAKE NOTICE**, that upon the annexed Verified Petition of Red Hook 160 LLC ("Petitioner"), dated June 7, 2021, and upon the Demands for Itemized Statement of Lien dated October 29, 2020 and October 30, 2020, seeking verified itemized statements setting forth (i) the items of labor and/or materials and the value thereof that make up the amount for which respondents Manda International Corp. and Strikeforce Mechanical Corp. ("Respondents") claimed mechanic's liens against the real property known as and located at 160 Imlay Street, Brooklyn, New York (the "Liens"); and (ii) the terms of the contract under which the items were furnished, Petitioner, by its attorneys, Smith, Gambrell & Russell, LLP, will move this Court in the County Courthouse located at 360 Adams Street, Brooklyn, New York, at an IAS Part to be determined, on the 30th day of June, 2021 at 9:30 a.m., or as soon thereafter as counsel can be heard, for an Order pursuant to Section 38 of the New York Lien Law, pursuant to Lien Law Section 38, (i) directing Respondents to serve upon Petitioner's counsel within five (5) days of the date of said Order, proper verified itemized statements drawn in accordance with the provisions of Section 38 of the New York Lien Law

SGR/24237385.1

specifically setting forth the items and hours of labor and/or materials and the value thereof that make up the amount for which the Liens are claimed and the terms of the contracts under which items were furnished; and, further; (ii) cancelling and vacating of record Respondents' Liens if Respondents fails to provide a proper verified itemized statements satisfying the requirements of Section 38 of the Lien Law within such five (5) day period; (iii) together with such other and further relief as the Court may determine to be just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR 403(b), an answer, if any, is required to be served upon the undersigned counsel at least seven (7) days before the return date of the verified petition.

Dated: New York, New York
June 8, 2021

SMITH, GAMBRELL & RUSSELL, LLP
*Attorneys for Red Hook 160 LLC*

By: _____
Michael R. Glanzman
Daniel Q. Horner
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9700

TO: Manda International Corp.
441 Saint James Street
Holbrook, New York 11741

Strikeforce Mechanical Corp.
441 Saint James Street
Holbrook, New York 11741

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
In the Matter of the Application of
RED HOOK 160 LLC,                                          :

                               Petitioner,         Index No.

                                      :         **VERIFIED PETITION**

For an Order and Judgment pursuant to Lien Law
§ 38 requiring Respondents to provide verified itemized
statements of mechanic's lien,                             :

        -against-

                                        :
MANDA INTERNATIONAL CORP., and
STRIKEFORCE MECHANICAL CORP.,                              :

                             Respondents.              :
---------------------------------------------------------------X

       Petitioner, Red Hook 160 LLC ("RH160"), by its attorneys, Smith, Gambrell & Russell, LLP, as and for its Verified Petition herein, alleges as follows:

### Parties

      1.    RH160 is a limited liability company organized and existing under the laws of the State of New York.

      2.    Upon information and belief, respondent Manda International Corp. ("Manda") is a domestic corporation organized and existing under the laws of the State of New York.

      3.    Upon information and belief, respondent Strikeforce Mechanical Corp. ("Strikeforce") is a domestic corporation organized and existing under the laws of the State of New York.

### Background

      4.    In December 2019, RH160, as owner, engaged Manda, as Construction Manager, in connection with the construction of a residential and commercial condominium building (the

"Project") located at 160 Imlay Street, Brooklyn, New York, Block 515, Lots 1001-1082, as shown on the Land and Tax Map of the County of Kings ("Premises").

5. Upon information and belief, Manda further subcontracted some or all of its work on the Project to Strikeforce.

6. Upon information and belief, Manda and Strikeforce are affiliated entities, owned and operated by the same individual – Angelo Carrao.

7. On or around August 25, 2020, RH160 terminated Manda for cause due to its failure to supply enough properly skilled workers for the timely completion of the Project, failing to provide a detailed and accurate schedule for the completion of the Project, performing defective work, and submitting frivolous and incomplete change orders, among other reasons.

8. On or about August 5, 2020, Strikeforce filed a certain Notice of Mechanic's Lien Under Lien Law in the office of the Clerk of the County of Kings in the sum of $1,901,587.06 against the Premises (the "Strikeforce Lien"). A copy of the Mechanic's Lien is annexed hereto as **Exhibit A**.

9. On or about October 27, 2020, Manda filed a certain Notice of Mechanic's Lien Under Lien Law in the office of the Clerk of the County of Kings in the sum of $3,170,309.25 against the Premises (the "Manda Lien"). A copy of the Manda Lien is annexed hereto as **Exhibit B**.

10. On October 30, 2020, RH160 caused Demands for Itemized Statements of Lien Pursuant to Section 38 of the New York Lien Law (the "Demands") to be served upon both Manda and Strikeforce requesting a verified itemized statement setting forth: (i) the items of labor and/or materials and the value thereof that make up the amount for which Manda and

Strikeforce claimed their respective liens; and (ii) the terms of the contract under which the items were furnished. Copies of the Demands are annexed collectively hereto as **Exhibit C**.

11. Following receipt of the Demands, on November 5, 2020, Manda released the Manda Lien, and subsequently filed a reduced lien in the amount of $1,595,309.25 (the "Amended Manda Lien"). A copy of the Amended Manda Lien is annexed hereto as **Exhibit D**.

### Manda and Strikeforce's Attempts to Itemize

12. On November 9, 2020, Manda and Strikeforce served RH160 with their purported itemized statements of lien. Each of the itemizations consists of approximately 500 pages of paper, which on its face appears to be all of the invoicing and billing by Manda and Strikeforce in connection with the Project. A copy of Manda's Itemized Statement of Lien is annexed hereto as **Exhibit E** (the "Manda Itemization") and a copy of Strikeforce's Itemized Statement of Lien is annexed hereto as **Exhibit F** (the "Strikeforce Itemization").

13. However, both of these itemized statements are grossly deficient in that they fail to specifically identify the labor and materials that comprise the Strikeforce Lien and the Second Manda Lien, as required by Section 38 of the New York Lien Law. Furthermore, neither itemization annexes the contracts pursuant to which the labor and materials were purportedly provided.

14. Instead, Manda and Strikeforce have improperly served RH160 with a "document dump" – a morass of documentation that requires hours upon hours to sift through to gain an understanding of their respective lien amounts, to the extent the documents actually substantiate those liens, which is unknown.

15. Moreover, there is documentation in the Manda Itemization that appears on Strikeforce letterhead, and documentation in the Strikeforce Itemization, such as invoices, which

3

SGR/19569141.1

show amounts billed to Manda, calling into question whether there is duplication of costs between Manda and Strikeforce's respective liens. *Compare* Exhibit E, at pp. 98, 103, 107-108, 201-204, 239, 310, *inter alia*, with Exhibit F, at pp. 991, 993, 999, 1003, 1007, 1036, *inter alia*.

16. In addition to the foregoing, the applications for payment annexed to Manda and Strikeforce's itemizations are devoid of any backup or substantiation as to the claimed costs.

17. First, it must be noted that these are self-prepared documents, by which Manda and Strikeforce claim payment against various line items comprising their scopes of work based upon the percentage of completion of those scopes.

18. Typically, these applications for payment are reviewed and approved by the owner's architect to reach agreement as to the claimed percentage of completion, and upon agreement, the applications would be certified by the architect for payment. Here, Manda and Strikeforce's applications for payment lack the architect's certification. Accordingly, these payment applications provide no substantiation of the work performed by either.

19. Specifically, Manda has provided no labor logs or materials backup to support the claimed costs in any of its applications for payment. *See*, Exhibit E, pp. 17-33.

20. Strikeforce's itemization suffers from the same defect. While Strikeforce has at least provided labor logs among the morass of documentation it provided, those logs are in no way correlated to the costs claimed by Strikeforce in its application for payment, and it is otherwise impossible for RH160 to verify what work was actually performed and by whom to justify the claimed lien amounts. *See*, Exhibit F, pp. 8-39; 227-841.

## Argument

21. "The burden of producing an adequate statement rests on the lienor." *In re Maxwell Partners, LLC v L.G.B. Development, Inc.*, 2006 WL 8085000, at *3 (Sup. Ct. N.Y. Co. 2006).

22. "Because the use of a Mechanic's Lien is a powerful pre-judgment remedy, **it is appropriate that the procedural requirements and details of the Lien Law be strictly enforced.**" *See id.* (emphasis added).

23. A proper itemization shall "enable the owner to check the lienor's claim." *Matter of Burdick Assocs. Owners Corp.*, 131 A.D.2d 672 (2d Dep't 1987).

24. In simple terms, Section 38 of the Lien Law requires that a lien itemization contain sufficient pieces of paper substantiating all hours, rates and descriptions of the labor and details relating to all materials supplied by the lienor that comprise the lien. *See Plain Ave. Storage, LLC v. BRT Mgmt., LLC*, 165 A.D.3d 1264, 1266, (2d Dep't 2018) (affirming discharge of mechanic's lien where itemized statement failed to sufficiently set forth "the items and cost of labor, or the items and cost of materials"); *DePalo v. McNamara*, 139 A.D.2d 646 (2d Dep't 1988) ("the documents submitted by the [lienor] contained no details as to ... the items and cost of labor, or the items and cost of materials. Accordingly, the court properly cancelled the [lienor]'s lien pursuant to Lien Law § 38."); *819 Sixth Ave. Corp. v. T. & A. Assocs., Inc.*, 24 A.D.2d 446, 446 (1st Dep't 1965) (Section 38 of the Lien Law requires a lienor to itemize "the items of skilled and unskilled labor, the number of hours thereof and the rate per hour... and the quantity and cost of each.").

25. An itemization similar to the Manda Itemization and Strikeforce Itemization was considered and rejected by the Court in *2269 First Ave Owner LLC v BDM Solutions LLC*, 2019

5

WL 2602124, at *2–3 (Sup. Ct. N.Y. Co. June 25, 2019), wherein the lienor produced an overwhelming volume of documents and three-page summary of lump sum amounts which purportedly comprised the lien amount. The Court held that it was incumbent on the lienor to clarify what items of labor and material comprised the lien amount and how those amounts were supported by the documentation provided.

26. Having encumbered Petitioner's real property by nearly $3.5 million, Respondents are required to strictly comply with the Lien Law. They have failed to do so.

27. Here, Manda and Strikeforce have not even attempted to identify the actual labor and materials comprising their respective lien amounts. In addition to the foregoing, there is conflicting documentation between the Manda Itemization and Strikeforce Itemization.

28. Accordingly, both the Manda Itemization and Strikeforce Itemization are deficient and must be supplemented or their respective liens must be discharged.

29. No prior application has been made for the relief requested herein.

**WHEREFORE**, RH160 prays for an order, pursuant to Section 38 of the New York Lien Law, directing Manda and Strikeforce to serve upon RH160's counsel within five (5) days of the date of said order, a revised verified itemized statement drawn in accordance with the provisions of Section 38 of the New York Lien Law specifically setting forth: (i) the items and hours of labor and/or materials and the value thereof that make up the amount for which the Amended Manda Lien and Strikeforce Lien are claimed; and (ii) the terms of the contract under which the items were furnished, together with such other and further relief as the Court may determine to be just and proper.

Dated: New York, New York
June 7, 2021

                          SMITH, GAMBRELL & RUSSELL, LLP

By: _____
           Michael R. Glanzman
           Daniel Q. Horner
           1301 Avenue of the Americas, 21st Floor
           New York, New York 10019
           (212) 907-9700
           *Attorneys for Red Hook 160 LLC*

## VERIFICATION

STATE OF ~~NEW YORK~~ BK California ) <br>
         BK Los angeles ) ss.: <br>
COUNTY OF ~~NEW YORK~~ )

Red Hook 160 LLC is the petitioner in the within action and I am an authorized representative thereof; I have read the foregoing Verified Petition and know the content thereof, the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

_____ <br>
Massimiliano Senise

Sworn to before me this <br>
7th day of June, 2021.

____B Chen____   see attached <br>
Notary Public

8

SGR/19569141.1

# CALIFORNIA
# JURAT CERTIFICATE

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __7th__ day of __June__, 20__21__, by __Massimiliano Senise__,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS MY HAND AND OFFICIAL SEAL.

BRIGITTE KNERR
Notary Public - California
Los Angeles County
Commission # 2326678
My Comm. Expires May 24, 2024

_____
Signature of Notary Public                                              (Notary Seal)

## OPTIONAL INFORMATION

The jurat contained within this document is in accordance with California law. Any affidavit subscribed and sworn to before a notary shall use the preceding wording or substantially similar wording pursuant to Civil Code sections 1189 and 8202. A jurat certificate cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. The seal and signature cannot be affixed to a document without the correct notarial wording. As an additional option an affiant can produce an affidavit on the same document as the notarial certificate wording to eliminate the use of additional documentation.

| DESCRIPTION OF ATTACHED DOCUMENT | CAPACITY CLAIMED BY THE SIGNER |
|---|---|
| _____ (Title of document) | ☐ Individual |
| | ☐ Corporate Officer |
| Number of Pages _____ (Including jurat) | ☐ Partner |
| | ☐ Attorney-In-Fact |
| Document Date _____ | ☐ Trustee |
| | ☐ Other: _____ |
| _____ (Additional Information) | |

MMX V. BAN2 510.409.1334    www.BayAreaNotary.com