**DONOVAN | HATEM LLP**

*counselors at law*

December 13, 2021

**VIA ECF**

The Honorable Diane Gujarati, U.S.D.J.
United States District Court
Easter District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *JGIAP RH 160 LLC v. CRI Holding Corp, et. al,*
      EDNY Docket No. 21-cv-2489-DG-JRC
      **Request for Pre-Motion Conference**

Dear Judge Gujarati:

This firm represents Defendants Morali and Associates, Anthony Morali, and Joseph Morali (collectively, the "Morali Defendants") in the above referenced case. In accordance with your recent order, the Morali Defendants re-submit their request, pursuant to this Court's Individual Practice Rules for the scheduling of a pre-motion conference to obtain permission to move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

As your Honor may recall, the Morali Defendants previously submitted their initial application for leave to file a pre-answer motion on July 16, 2022. The other defendants in this action also filed their own applications seeking leave to file their own motions dismiss. As a result, the parties participated in a pre-motion conference with your Honor on September 3, 2022. Thereafter, the parties participated in two settlement conference with Magistrate Judge James Cho. In the interim, your Honor terminated the pre-motion conference on October 20 and then directed the parties to file any motion(s) for pre-motion conference.

As previously set forth in its initial application, Plaintiff JGIAP RH 160 LLC ("Plaintiff"), the third successor in interest to a loan with dubious standing to bring claims against the Morali Defendants since the Morali Defendants have no relationship to the Plaintiff nor have the Morali Defendants knowingly made any representations to Plaintiff, seeks to recapture expenses from construction services by pleading allegations of conspiracy and common law fraud under the hyperbolic umbrella of the Racketeer Influenced and Corrupt Organizations Act ("RICO") claims in a desperate attempt to avoid paying for the work performed and to circumvent its failure to conduct proper due diligence before assuming the loan  These allegations come after the Morali Defendants were brought onto an already trouble-plagued project, worked tirelessly to obtain a Temporary Certificate of Occupancy ("TCO"), and continued to work thereafter. The Complaint is replete with deficiencies and must be dismissed in its entirety as to the Morali Defendants pursuant to FRCP 12(b)(6) for failure to state a claim.

Plaintiff's causes of action claiming damages related to RICO under 18 U.S.C. §§ 164(c) and 1962 (c) are simply a misuse of the statute and represent a futile attempt to assess treble damages; and to assess personal liability against the individual defendants. "[I]t is well known that the federal courts are flooded with cases molded to the RICO form, even though they are truly little more than garden variety claims for fraud." *See, Am. Fed'n of State v. Bristol-Myers Squibb Co.*, 948 F.Supp. 2d 338, 345 (S.D.N.Y. 2012). "Consequently, courts have an obligation to scrutinize civil RICO claims early in the litigation [to] separate the rare complaint that actually states a claim for civil RICO from that more

obviously alleging common law fraud." *Id.* (*quoting, Rosenson v. Mordowitz*, 2012 WL 3631308, at *4 (S.D.N.Y. 2012)). Which is precisely the case here.

Here, Plaintiff asserts alleged RICO violations under 18 U.S.C. §§ 1962(c) and (d). *See*, Docket Entry 1 (hereinafter, "Complaint") at ¶¶ 125-166. A plaintiff charging civil RICO under USC 1962(c) violations must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly . . . participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

To establish liability under 18 U.S.C. § 1962(c), one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to be a different name." *Cedric Kusher Promotions, Ltd., King*, 533 U.S. 158, 161 (2001). Where an employee "conducts the affairs of a corporation through illegal acts," that employee may be the "person" within the meaning of RICO, separate and apart from the corporation. *See, Id*. Here, the Morali Defendants are alleged to be part of an enterprise. See, Complaint ¶ 129. The Morali Defendants were retained as a consultant to try to obtain a TCO for a construction project so that the Project's Owner, who is not a party to this proceeding, could close on units and start to generate income. Nowhere in Plaintiff's pleadings do they allege conduct by any party, let alone the Morali Defendants, that was not in the normal course of their employment.

In order to plead a "pattern of racketeering," a plaintiff must plausibly allege multiple racketeering acts occurring within 10 years of each other. See, 18 U.S.C. § 1961(5). Additionally, a plaintiff must allege that the predicate acts are "related" and "continuous." *See, H.J. Inc., et al. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238-44 (1989). "[T]hese two constituents of RICO's pattern requirement must be stated separately through in practice, their proof will often overlap." *Id.*

"Predicate acts are 'related' for RICO purposes, when they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Schaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997) (*quoting, H.J. Inc.*, 492 U.S., at 240). "Continuity" may be established through either "a closed period of repeated conduct, or . . . past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 498 U.S., at 241.

Where, as here, a plaintiff alleges racketeering activity based on mail or wire fraud, it "must prove three elements: (1) scheme to defraud, including proof of intent; (2) money or property as object of [the] scheme; (3) use of mails or wires to further the scheme." *K&D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 539 (S.D.N.Y. 2014) (internal quotations marks and citation omitted). However, "[g]iven the routine use of mail and wire communications in business operations . . . 'RICO claims premises on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (*quoting, Efron v. Embassy Suites (Puerto Rico), Inc.*, 170 F. Supp. 3d 12, 20 (1st Cir. 2000)).

Here, Plaintiff broadly alleges that "Defendants caused delivery of various documents and things by the US.[sic] mails or by private or commercial interstate carriers, or received such therefrom." *See*, Complaint ¶ 145. Plaintiff has failed to show any scheme to defraud, including an intent to defraud on behalf of the Morali Defendants; any money or property as object of the scheme other than the fees earned by Morali Defendants in the course of their employment; and Plaintiff merely states that "Defendants", generically, used the U.S. mail service, just as almost every business does. Furthermore, Plaintiff has failed to show that the alleged predicate acts were related or continuous. Plaintiff essentially alleges a single fraud that was carried out over the course of approximately six

months between January and June 2020, and then in November 2020. *See*, Complaint ¶¶ 87, 148-49. The Morali Defendants' conduct was for nothing other than legitimate business purposes, pursuant to its agreements for the Project, and nothing implies a threat of continued criminal activity on a project – a project that is inherently terminable. *See*, *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242-43 (2d Cir. 1999). Furthermore, this theory only applies to "inherently unlawful" criminal activities in pursuit of "inherently unlawful" goals, such as murder, obstruction of justice, narcotics trafficking, embezzlement, extortion, bribery, and money laundering. *See*, *United States v. Aulicino*, 44 F.3d 1102, 1111 (2d Cir. 1995). The alleged benefit the Morali Defendants allegedly received "from this scheme by increasing their own fees" does not rise to any of the aforementioned "inherently unlawful" criminal activities. *See*, Complaint ¶ 151(d).

Incredibly, it should also be pointed out the Morali Defendants are only specifically referenced in 15 of the 205 paragraphs that make up the Complaint and Plaintiff makes no allegations of any predicate acts that the Morali Defendants performed.

In contrast, ordinary fraud, as is alleged here, the object of which is by definition to obtain money or property from others, has been held to not be "inherently unlawful" in the RICO continuity context. *Int'l Bhd. Of Teamsters v. Carey*, 297 F. Supp. 2d 706, 715 (S.D.N.Y. 2004). However, Plaintiff has failed to properly plead an allegation for ordinary fraud as well. *See*, Complaint ¶¶ 168-78. The FRCP impose a heightened pleading requirement on claims of fraud: "In allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). "To state a claim with the required particularity, a complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir.1999) (internal quotation marks omitted). *380544 Canada, Inc. v. Aspen Tech., Inc.*, 633 F. Supp. 2d 15, 27 (S.D.N.Y. 2009).

The Complaint is devoid of any representations that the Morali Defendants made to Plaintiff, and therefore, no representation can be alleged to be inherently fraudulent. Additionally, Plaintiff has not identified the speaker; where and when the fraudulent statements were made; or explain why the statements were fraudulent. Accordingly, Plaintiff's fraud claim against the Morali Defendants should also be dismissed.

For the aforementioned reasons, Defendants respectfully requests the Court schedule a pre-motion conference to obtain permission to move to dismiss the complaint pursuant to FRCP 12(b)(6).

Respectfully submitted,

Scott K. Winikow

cc: All Counsel of Record (via ECF)

4813-4811-1602, v. 2