**MARK S. FRIEDLANDER**
ATTORNEY AT LAW

101 Lafayette Street-10th Floor
NEW YORK, NY 10013
(212) 962-2877

———————

FACSIMILE
(212) 571-4613

December 24, 2021

**VIAECF**
United States District Court Eastern District of New York
<u>Attn:</u> Judge Diane Gujarati,
U.S.D.J 225 Cadman Plaza East
Brooklyn, New York 11201-1804

**Re: JGIAP RH 160 LLC V. CRI Holding Corp.,** *et al*
  **Case No.: 1:21-cv-2489 (DG) (JRC)**

Dear Judge Gujarati:

I am the attorney for Defendants CRI Holding Corp. and Touraj Naghieh, the first two named defendants in the above referenced action (hereinafter referred to as "Defendants CRI and Naghieh"). Defendants CRI and Naghieh submit this request pursuant to this Court's Individual Practice Rules for the scheduling of a pre-motion conference to obtain pem1ission to move to dismiss the complaint under Rule (12) (b) (6) of the Federal Rules of Civil Procedure (hereinafter "Rule" or Rules"). As will be shown below, the instant complaint, though lengthy, fails to posit the elements necessary to bring a proper RICO action before this Court and should be dismissed pursuant to Rule (12) (b) (6).

In accordance with this Court's direction counsel for all the parties participated in mediation before Hon. James Cho U.S.M.J. Unfortunately such effort was unavailing which has resulted in my renewal of a request for a pre-motion conference to obtain pem1ission to move to dismiss the complaint under Rule (12) (b) (6) of the Federal Rules of Civil Procedure (hereinafter "Rule" or Rules").

It is particularity telling that Plaintiff is a shell corporation that appears to have been formed as a vehicle for the commencement of this litigation. Plaintiff has chosen the "nuclear option" to commence a baseless RICO action against Defendants CRI and Naghieh evinced by a Complaint that is facially defective and worthy of dismissal by this Court.

As earlier stated in my letter to this Court dated July 15, 2021 it is important for this Court to understand how this Plaintiff became involved in the construction project for the premises 160 Imlay Street, Brooklyn, New York. The Plaintiff had no participation in the project launched by the fee owner Red Hook 160 for the conversion of the warehouse premises, known as the New York Dock Building ("Premises") into residential condominiums in the Red Hook section of Brooklyn ("Project"). The Plaintiff is the latest assignor of all title and interest of the mortgage and collateral agreements from the assignee Churchill 160 Imlay

Lender LLC, who was the assignor of the mortgage from ACREFI Mortgage Lender LLC dated December 27, 2019. Plaintiff's obvious purpose in being is to step into the shoes of the prior lender and to bring this action. Plaintiff's apparent basis for bringing this action is as the assignee of the "ancillary agreements," originally executed by Red Hook 160 LLC with Defendant CRC, as stated in Docket Entry 1. (hereinafter "*Compl.*") [*see Compl.* at ¶¶ 32-33]. It is the alleged violation of these "ancillary agreements" that constitutes the fraud that is the touchstone of Plaintiff's RICO action (see *Compl.* at ¶¶ 66-68; ¶¶80-94).

These "ancillary agreements" are the sole connection of Defendants CRI and Naghief to the Project. Defendants CRI and Naghieh were invited to offer advisory services to expedite the conversion of the Premises into residential condominiums. The Project was already in disarray at the time that Defendant CRI entered into an agreement on or about April 12, 2019. with the fee owner of the Premises, 160 Red Hook LLC to provide project advisory services. That original agreement was amended by a writing on July 15, 2019 and again on August 8, 2019. At all times the services to be performed by Defendant CRI were strictly advisory in nature to assist 160 Red Hook LLC in bringing the work to the point where a Temporary Certificate Of Occupancy ("TCO") would be issued by the New York City Department of Buildings for the Project. Defendants CRI and Naghieh were successful in their effort to obtain this initial Temporary Certificate of Occupancy in or about late October 2019. The TCO was good for only two months and had to be periodically renewed. Defendant CRI was able to continue to the TCO as needed until March 2021. Defendant CRI was terminated from the project by written notice dated March 19, 2021 effective as of April 16, 2021.

There is no showing in Plaintiff's Complaint that there was any relationship between Defendant CRI and/or Defendant Naghieh and Plaintiff, or that there were any actionable fraudulent representations made by these Defendants to either the Plaintiff, or to the fee owner Red Hook 160 LLC. The only remotely relevant allegations in the Complaint are purely conclusory in form. See *Compl.* ¶168 through ¶178. Plaintiff has failed to even meet the threshold pleading requirements to assert an actionable fraud. Rule 9(b) requires that allegations of fraud or mistake in a Complaint must state with particularity the circumstances constituting fraud or mistake. "To state a claim with the required particularity, a complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Steve/man v. Alias Research Inc.,* 174 F.3d 79, 84 (2d Cir.1999) (internal quotation marks omitted). *380544 Canada, Inc. v. Aspen Tech., Inc.,* 633 F. Supp. 2d 15, 27 (S.D.N.Y. 2009). This basic pleading flaw sunders Plaintiff's Complaint as it shows that Plaintiff has failed to posit criminally inspired fraud needed to sustain it dubious RICO claims.

Giving, Plaintiff the benefit of the doubt, all that has been offered to this Court in the instant Complaint are allegations of common law fraud. Here, Plaintiff in conclusory fashion alleges that "Defendants [unspecified] caused delivery of various documents and things by the US.[sic] mails or by private or commercial interstate carriers, or received such therefrom." *See Compl.* ¶145. Plaintiff has failed to show any scheme to defraud, including an intent to defraud on behalf of Defendants CRI and Naghieh. The only money or property connecting Defendants CRI and Naghieh are the fees earned by these Defendants resulting from the work done at the request of the fee owner Red Hook 160 LLC. It is telling that Plaintiff improperly states that "Defendants[unspecified]", used the U.S. mail service, like any other functioning business. More critically, Plaintiff has failed to show that the alleged predicate acts were related or continuous. See *Cofracredit v. Windsor Plumbing Supply Co.,* 187 F.3d 229. Plaintiff alleges a single

fraud that was carried out over the course of approximately six months between January and June 2020, and then in November 2020. *See Compl.* ¶ 87, ¶¶148-49. Defendants' actions were in pursuit of their legitimate business purposes iterated in the agreements entered into for the Project. None of Defendants' actions demonstrate any threat of continued criminal activity concerning the Project. *See, Cofacredit, S.A. v. Windsor Plumbing Supply* Co., supra. Furthermore, for fraud to constitute a predicate for a RICO claim its must be alleged that such fraud is an "inherently unlawful" criminal activity in pursuit of "inherently unlawful" goals, such as murder, obstruction of justice, narcotics trafficking, embezzlement, extortion, bribery, and money laundering. *See, United States v. Aulicino,* 44 F.3d 1102, 1111 (2d Cir. 1995).

Plaintiff has failed to state any "inherently unlawful" criminal activity in pursuit of "inherently unlawful" goals. Not to put too fine a point on it, but Plaintiff's allegations given the most favorable interpretation are at best allegations of garden variety fraud. Ordinary fraud, the object of which is to obtain money or property from another, is not considered a predicate act or "inherently unlawful" in the RICO context. *See Econ. Opportunity Comm'n v. County of Nassua,* 47 F.Supp. 2D 353.

Plaintiffs causes of action claiming damages related to RICO under 18 U.S.C. §§ 164(c) and 1962 (c) are a misplaced effort which seek to use the seeks to use the RICO statute to intimidate the Defendants into foregoing its claims against the fee owner for services rendered. Plaintiff is seeking to use the threat of treble damages and to assess personal liability against the individual defendants toward this end. This should not be countenanced by this Court. "[l]t is well known that the federal courts are flooded with cases molded to the RICO form, even though they are truly little more than garden variety claims for fraud." *See, Am. Fed'n of State v. Bristol-Myers Squibb* Co., 948 F.Supp. 2d 338, 345 (S.D.N.Y. 2012). "Consequently, courts have an obligation to scrutinize civil RICO claims early in the litigation [to] separate the rare complaint that actually states a claim for civil RICO from that more obviously alleging common law fraud." *See Rosenson v. Mordowitz,* 2012 WL 3631308, (S.D.N.Y. 2012)).

Plaintiff has framed its complaint to assert alleged RICO violations by Defendants CRI and Naghieh pursuant to 18. U.S.C. §§1962 (c) and (d) (*see Complaint* at ¶¶ 126-166). It has been judicially recognized that a RICO claim contains three elements: (a) a violation of 18 U.S.C §1962; (b) injury to Plaintiff's property or business; (c) causation of the injury by the violation. *See Sky Medical Supply Inc. v. SCS Support Claims Service Inc., et al* 17 F. Supp.3d 207 (E.D.N.Y. 2014). To state a violation of 18 U.S.C. *§*1962 (c) Plaintiff must show that he was injured by defendant's (1) conduct; (2) of an enterprise (3) through a pattern (4) racketeering. *See Anatian v. Coutts. Bank Ltd., 193 F.3d 85, 88 (2d Cir.1999); S.Q.K.F.C.. Inc. v. Bell Atl. TriCon Leasing Corp..84 F.3d 629, 633 (2d Cir.1996).*

RICO defines racketeering activity to mean "any act which is indictable under" specified provisions of Title 18, including mail fraud. 18 U.S.C. §1961(1) (B). "To prove a violation of the mail fraud statute, plaintiff must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme." See *Lundy v. Catholic Health Systems of Long Island,* (quoting *McLaughlin v. Anderson,* 962 F. 2d 107 (2d cir. 1992); 711 F.3d 106 (2d cir. 2013) Moreover, pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must plead the elements of mail fraud with particularity in order to survive a motion to dismiss, and "[b]are-bones allegations do not satisfy Rule 9(b)."*Id.*

      A RICO action requires a showing of a pattern of racketeering. The plaintiff must plead at least two predicate acts. See § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity. See *H.J. Inc. v. Northwestern Bell Tel. Co.. 492 U.S. 229{1989)*. A "pattern of racketeering activity" consists of "at least two [predicate] acts of racketeering activity" committed in a ten-year period. Continuity of a pattern of racketeering activity may either be a closed period of repeated conduct or past conduct that by its nature projects into the future with the threat of repetition. *See First Capital Asset Mgmt. v. Satinwood, Inc.* 385 F. 3d 159 (2d Cir. 2004). Plaintiff's underlying claim of fraud speaks to a pattern of racketeering that would by its nature be considered "close ended continuity." The *Complaint* at ¶ 87 alleges a pattern of fraudulent activity for six months, from January and June 2020 with some other "activity" in November 2020. This is hardly sufficient to support a claim of "closed end continuity". So-called "continuity" requirement can be satisfied either by showing a "closed-ended" pattern -a series of related predicate acts extending over a substantial period of time. *See Spool v. World Child Intern. Adoption Agency,* 520 F. 3d 178 ( 2d Cir. 2008). The Second Circuit has made it plain that any period of less than two years is insufficient to establish a pattern of "closed end continuity". *See DeFalco v. Bernas, 244 F.3d 286 (2d Cir.2001): GICC Capital Corp. v. Technology Finance Group.* 67 F. 3d 463 (2d Cir. 1995).

      Plaintiff's failure to properly plead a cognizable RICO claim under 18 U.S.C §1962 (c) as described above, sunders any claim by Plaintiff under 18 U.S.C. §1962 (d). In the absence of any predicate acts to trigger 18 U.S.C §1962 (c), there cannot be any finding of a viable conspiracy.18U.S.C §1962 (c). *See Lynn v. McCormick,* ("the alleged conspiracy was an agreement to commit the same substantive RICO violations we have deemed insufficiently pled, so there was no agreement to violate RICO's substantive provisions.") 760 Fed. Appx.51 (2s Cir. 2019); *Williams v. Affinion Grp., LLC.* 889 F.3d 116, (2d Cir. 2018).

      Accordingly, based on the foregoing, Defendants CRI and Naghieh respectfully request the Court schedule a pre-motion conference to obtain permission to move to dismiss the complaint pursuant to Rule 12(b)(6).

      Respectfully submitted,

//s
MARKS. FRIEDLANDER, Esq.
101 Lafayette Street- I0th Floor
New York, New York 10013
(212) 962-2877 (telephone)
(212) 571-4613 (facsimile)
msfesq47@aol.com

cc: All Counsel of Record (via ECF)