

**Ryan M. Wilson**
Direct T: (212) 209-4450
rwilson@atllp.com

January 13, 2022

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re: JGIAP RH 160 LLC v. CRI Holding Corp, et al,
        EDNY Docket No. 21-cv-2489-DG-JRC
        Response in Opposition to a Pre-Motion Conference Request**

Dear Judge Gujarati:

      We represent Plaintiff, JGIAP RH 160 LLC ("RH"), and we write in response to the letter motion, filed with the Court on January 6, 2022, (ECF No. 48)[1], by Defendants CRI Holding Corp. ("CRI"), and Touraj Naghieh (Touraj Naghieh, the "Individual Defendant" and, together with CRI, collectively, the "Defendants" or the "CRI Defendants"), seeking a premotion conference pursuant to Federal Rule of Civil procedure 12(b)(6) and the Court's local rules. For the following reasons, RH respectfully requests that the Court deny Defendants' request for leave to file a motion to dismiss.

      First, the CRI Defendants mischaracterize their role as architects of the fraudulent RICO enterprise, and their conduct in furtherance of the same. Indeed, the CRI Defendants, through Naghieh, orchestrated a confidence game to perpetually extend the at the luxury condominium construction project at 160 Imlay Street, Brooklyn, New York, increase fees for work performed woefully inadequately, and submit expense requests for work not performed at all. Contrary to Defendants' statements, the Complaint provides the Court with painstaking detail about the scheme.

---

[1] The CRI Defendants filed two versions of the same premotion letter. *See* ECF Nos. 47 and 48. For the purposes of this opposition, JS will cite to ECF No. 48.

RH has satisfied the Federal Rules of Civil Procedure's ("FRCP") pleading standards. The CRI Defendants are mistaken as to the pleading standards for mail or wire fraud in furtherance of a RICO enterprise. *See Angermeir v. Cohen*, 14 F. Supp. 3d 134, 150 (S.D.N.Y. 2014) (denying motion to dismiss where mail and wire fraud allegation in furtherance of fraudulent scheme satisfied Rule 9(b)). As the *Angermeir* court made clear, when underlying fraudulent acts are alleged, the use of mail or wire fraud to further those fraudulent acts satisfies the pleading standard. *Id.* Here, RH has alleged that the CRI Defendants, along with the other named defendants, conducted a fraudulent scheme to defraud RH while operating under the guise of a purportedly legitimate construction services development team.

Further, the CRI Defendants misstate RH's allegations related to economic injury. RH has properly alleged, in great detail, the economic injury it has incurred as a result of Defendants' scheme. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir.1994) (noting that "[t]he general rule of fraud damages is that the defrauded plaintiff may recover out-of-pocket losses caused by the fraud," and that this rule "has been adopted by [the Second Circuit] in the context of deciding whether a defrauded plaintiff has standing under RICO"). RH has informed the Court of the lengthy scheme, orchestrated by the CRI Defendants, designed to defraud the Sponsor of significant monies.

The CRI Defendants also misstate the law governing Federal RICO claims, and exaggerate the standards governing motions to dismiss. Specifically, JS has adequately alleged racketeering activity sufficient to satisfy either open or closed-ended continuity.

**The Complaint Easily Establishes Open Ended Continuity**

Open-ended continuity "depends on the specific facts of each case." *H.J., Inc. v. N.W. Bel. Tel. Co.*, 492 U.S. 229, 242 (1989). At a minimum, a "threat of continuity is sufficiently established where … the predicates are a regular way of ... conducting or participating in an ongoing and legitim/ate RICO enterprise." *Id.* at 242–43. Indeed, "[w]here an inherently unlawful act [such as Defendants'] is performed at the behest of an enterprise whose business is racketeering activity, there is a threat of continued criminal activity, and thus open-ended continuity." *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 226 (E.D.N.Y. 2014) (citing *DeFalco*, 244 F.3d at 323). Importantly, and contrary to the false heightened continuity standard that Defendants suggest, "[A] RICO action will be brought before continuity can be [ultimately] established [by showing predicate acts spanning a substantial period of time]. *Id.*

"[T]he gravamen of [the Complaint] is that [Defendants] operated [nearly exclusively] by committing mail fraud, even if they also conducted some legitimate business." *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 228 (E.D.N.Y. 2014); *see also Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358 (E.D.N.Y. 2012) (holding that open-ended continuity allegation withstand a motion to dismiss where "it would be reasonable to infer that defendants' acts of mail fraud constituted a regular way of conducting the affairs of [the alleged RICO enterprises]"). Defendants' suggestion, that RH must specifically plead that Corrao, Manda and Strikeforce's predicate acts were its "regular way of operating" to the exclusion of legal conduct, is not supportable. *See Lyons*, 843 F. Supp. 2d 370 ("[E]ven if the [entities] were legitimate businesses, it would be reasonable to infer that defendants' acts of mail fraud constituted a regular way of conducting the affairs of those businesses."); *Sky Med. Supply Inc.*, 17 F. Supp. 3d at 228 (inferring from complaint that defendants regularly conducted business through fraud even where legitimate business may have occurred). RH adequately pleads facts that Defendants primarily

operated by committing fraud against RH, amongst other entities. Plaintiff alleges, in significant specificity – indeed, with such significant specificity that Defendants, with no basis in the law whatsoever, request that the Court order RH to *pare down* its allegations – that Defendants conspired to perform the minimum work possible that would allow them to continue submitting, with their co-defendants' material cooperation, unsubstantiated and fraudulent requisition forms for work that was "demonstrably not in place." *See, e.g.,* Complaint ¶ 87 (asserting – in detail – that Defendants, over the course of their tenure, routinely submitted false requisition forms in order to collect funds to which they were not entitled).

Defendants' conduct implied the threat of continued activity because "[i]t is sufficient that a threat of continuity inhered in the alleged racketeering activity[.]" *Lyons*, 843 F. Supp. 2d 358 (citing *H.J.*, 492 U.S. at 241 (holding that open-ended continuity refers to "past conduct that by its nature projects into the future with a threat of repetition")). Indeed, "[s]ubsequent events are irrelevant to the continuity determination ... because in the context of an open-ended period of racketeering activity, the threat of continuity must be viewed at the time the racketeering activity occurred." *Id.,* (quoting *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 410–11 (6th Cir.2010); *see also Wells Fargo Century, Inc. v. Hanakis*, No. 04 Civ. 1381, 2005 WL 1523788, at *6–7 (E.D.N.Y. June 28, 2005); *Friedman v. Hartmann*, No. 91 Civ. 1523, 1994 WL 376058, at *1 (S.D.N.Y. July 15, 1994).

**RH Has Easily Alleged Closed-Ended Continuity**

Despite Defendants' false contention, in the Second Circuit, "there is no bright line test for determining precisely what period of time is substantial.'" *In re MTC Elec. Techs. S'holder Litig.*, 74 F. Supp. 2d 276, 285 (E.D.N.Y. 1999); *see also First Interregional Advisors Corp. v. Wolff*, 956 F. Supp. 480, 485 (S.D.N.Y. 1997) (finding pleadings alleging closed continuity sufficient in a scheme that lasted fourteen months); *see also Farberware Inc. v. Groben*, 764 F. Supp. 296, 306 (S.D.N.Y. 1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.*, 879 F.2d 10 (2d Cir. 1989) (holding that plaintiffs properly alleged RICO conspiracy related to fraud in a construction financing project that lasted nine months). RH has more than adequately alleged that the enterprise fraudulently inflated their requisition forms, and represented work performed that was not. The meticulously detailed Complaint satisfies the requirements of the FCRP.

Finally, as explained above, because RH's RICO claim survives a motion to dismiss, its other claims must proceed.

Dated: January 13, 2022

Respectfully submitted,

Ryan M. Wilson, Esq.
ARMSTRONG TEASDALE LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Telephone: 212.209.4400
rwilson@atllp.com

cc: (via ECF) All Counsel of Record