# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 16, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1804

> *Re:* **JGIAP RH 160 LLC v. CRI Holding Corp.,** *et al.*
> **Case No.: 1:21-cv-2489 (DG) (JRC)**

Dear Judge Gujarati:

This firm represents Manda International Corp. ("Manda"), Strikeforce Mechanical Corp. ("Strikeforce"), and Angel Corrao ("Corrao") (Manda, Strikeforce, and Corrao collectively hereinafter referred to as "Defendants") in the above referenced case.

Defendants write to vehemently oppose Plaintiff's belated and defective request for an extension of time to oppose Defendants' motions to dismiss. For the reasons that follow, because Plaintiff has failed to establish excusable neglect nor the existence of good cause, Plaintiff's request must be denied. In addition, Defendants respectfully request an in-person conference be conducted with all managing members of Plaintiff JGIAP RH 160 LLC present together with their counsel Ryan M. Wilson ("Mr. Wilson") and Caroline Polisi ("Ms. Polisi"), Esqs. to address Plaintiff's material misrepresentations made to your undersigned and to this Court over the course of the last few months, as well as those made in Ms. Polisi's letter.

## The Tortured Procedural History of this Case

The complaint in this case was filed on May 5, 2021, shortly after Manda and Strikeforce each filed separate actions on April 1, 2021 to, *inter alia*, foreclose on two (2) separate mechanic's liens against Plaintiff. <u>See</u> ECF Docket Entry 1; <u>see also</u> Index Nos.: 652194/2021, NYSCEF Docket Entry <u>1</u> and 153223/2021, NYSCEF Docket Entry <u>1</u> (New York County Supreme Court).[1] Both the foreclosure actions were discontinued without prejudice because Manda and Strikeforce entertained the thought it would serve judicial economy to file counterclaims in this case. <u>See</u> NYSCEF Docket Entries <u>5</u> and <u>4</u> in the respective actions.

---

[1] This Court may take judicial notice of state court proceedings. <u>See</u> <u>Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.,</u> 369 F.3d 212, 217 (2d Cir. 2004). It is worthy to note, then, that Mr. Wilson appeared in the action commenced by Manda. <u>See</u> Index Nos.: 652194/2021, NYSCEF Docket Entry <u>4</u>.

Defendants promptly appeared in this case on May 26, 2021.  See ECF Docket Entries 11, 16, and 31.  On May 28, 2021, Defendants moved by letter for a pre-motion conference in anticipation of their motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  See ECF Docket Entry 17.  Plaintiff opposed Defendants' request two (2) months later on July 29, 2021.  See ECF Docket Entries 27-29.

On September 3, 2021, a pre-motion conference was held and the Court deferred setting a briefing schedule for Defendants' anticipated motions to dismiss to permit settlement discussions.  See ECF Docket Entry 32.  On September 26, 2021, Plaintiff filed a letter withdrawing its consent to mediate this case.  See ECF Docket Entry 36.

Defendants thus moved by letter motion for an Order compelling a settlement conference on September 29, 2021, which this Court granted the following day and upon which the Hon. James R. Cho, U.S.M.J. ("Judge Cho") required all parties to appear by counsel and individually.  See ECF Docket Entry 38 and Text Only Orders dated September 30, 2021.  Notably, no corporate representative of Plaintiff ever appeared for the October 4, 2021 settlement conference.  See Text Only Minute Entries by Judge Cho dated October 4, 2021 and October 19, 2021, respectively.  On November 19, 2021, the parties filed a joint status report indicating that settlement discussions have been exhausted, no settlement has been reached, and that Defendants are prepared to move forward with their respective motions to dismiss.  See ECF Docket Entry 40.

On November 26, 2021, Plaintiff moved to have Nicholas R. Peppler, Esq. (hereinafter "Mr. Peppler") – an attorney who noticed his appearance[2] in this case by and through his August 26, 2021 motion for admission *pro hac vice* (see ECF Docket Entry 30 and Text Only Order dated August 27, 2021) – withdraw as counsel in this case.  See ECF Docket Entry 41.  There, Mr. Peppler made statements such as: (i) "Armstrong Teasdale LLP [("Armstrong Teasdale")] has represented Plaintiff in [this] matter;" (ii) Mr. Peppler will voluntarily leave employment of Armstrong Teasdale; and (iii) "Armstrong Teasdale LLP and Ryan M. Wilson will continue to represent Plaintiff in this matter after [Mr. Peppler's] departure …" Id.  Notably, no other attorney from Armstrong Teasdale ever appeared in this case until June 15, 2022.[3]

On December 13, 2021, Defendants once again sought by letter motion a pre-motion conference in anticipation of their motion to dismiss.  See ECF Docket Entry 43.  Plaintiff opposed on December 20, 2021.  See ECF Docket Entry 45.  On January 25, 2022, this Court directed Plaintiff to indicate whether it will seek leave to amend the complaint.  See Text Only Order dated January 25, 2022.  On January 28, 2022, Plaintiff stated that it does not seek leave to amend the pleadings.  See ECF Docket Entry 50.  On February 18, 2022, this Court determined that a pre-motion conference is not necessary and directed the parties to file a joint letter proposing a briefing schedule.  See Text Only Order dated February 18, 2022.

---

[2] Mr. Wilson never noticed an appearance in this case because he commenced the case by filing the complaint.  See ECF Docket Entry 1.  As such, the only counsel of record for Plaintiff that remained after Mr. Peppler's withdrawal was Mr. Wilson.

[3] Even then, Ms. Polisi has not filed a formal notice of appearance.

On February 25, 2022, the parties submitted a joint letter with a proposed briefing schedule, which the Court granted, and the parties then jointly sought an extension of time of the briefing schedule, which was granted on consent.  See ECF Docket Entries 51-52 and Text Only Orders dated February 28, 2022 and March 29, 2022, respectively.

On April 11, 2022, pursuant to the briefing schedule set forth in the March 29, 2022 Order and this Court's Individual Practices, Defendants filed a cover letter notifying that they have served all counsel of record with their motion papers.  See ECF Docket Entry 56.

There, Defendants specifically noted:

> Defendants respectfully note that, while Plaintiff's counsel Ryan Wilson *has not been employed by Armstrong Teasdale for approximately more than a month now*, Defendants will serve him via email at rmwilson.edny@gmail.com, *through which email he has been communicating with all parties of record since his apparent separation of employment with Armstrong Teasdale*. Notably, while Local Civil Rule 1.3(d) requires an attorney who is a member of the bar of this Court to immediately notify the Clerk of the Court – in addition to serving and filing a notice of change of address in each pending case in which the attorney has appeared – Mr. Wilson has thus far failed to comply with this rule.

Id.  (emphasis added).  Despite serving Mr. Wilson with a courtesy copy of this cover letter on April 11, 2022, he has failed to comply with Local Civil Rule ("LCR") 1.3(d).[4]  Pursuant to the briefing schedule in the March 29, 2022 Order, Plaintiff was required to serve a consolidated opposition to Defendants' respective motions by May 10, 2022.  On that day, instead of serving an opposition brief, Mr. Wilson emailed all counsel of record and stated:

> I believe there are settlement discussions that may be acceptable to all parties. If all parties consent, I would propose we continue the adjournment of briefing to continue and hopefully finalize the discussions without further costs to our clients. If that is acceptable, we can file an additional adjournment acceptable to all parties, and attempt to resolve the matter. …

While counsel for the other defendants consented, Defendants responded:

---

[4] Crucially, Armstrong Teasdale complied with the Local Civil Rules in moving to have Mr. Peppler withdraw as counsel when his employment ended, but neither Mr. Wilson nor anyone at Armstrong Teasdale have lifted a finger to comply with the Local Civil Rules with respect to Mr. Wilson's separation from employment from Armstrong Teasdale despite the clear and unequivocal requirements set forth in Local Civil Rule 1.3(d).

> Ryan: *I'm unaware of any settlement discussion since the failed mediation. If your client's position has changed since that time* then I agree it makes sense to have a discussion on potential resolution. But, if we are going to resolve the case then it should be done quickly.   To that end, I'd consent to an adjournment of JGIAP's opposition until May 23with my client's reply due June 13 . If that's agreeable then please prepare the stipulation.

No stipulation followed from Plaintiff.  Instead, on May 19, 2022, Mr. Wilson wrote:

> Counselors, My apologies for the delay in responding. I had a significantly unexpected death in the family. If it is acceptable, I would ask an additional 7 days for the brief, of course with a corresponding addition for the reply. I am also now available to discuss resolution when convenient. If you could kindly provide times that work for each we can get times on the calendar. …

After a number of exchanges between all counsel of record, Defendants wrote:

> Ryan: I consent but I'm not sure what date you are looking for either but 7-10 days is fine.  *Since the Court has to approve the revised schedule, please circulate a draft letter to the Court with your proposed date so I can consider the date I'll need for my reply and you can then file the letter.*

No draft letter followed from Plaintiff, despite a May 20, 2022 email from Mr. Wilson in which he stated that he "will circulate today."  Three (3) days later, Mr. Wilson resurfaced:

> Gentlemen, I would suggest a Response Date of June 6th, as I still have outstanding matters regarding my family death. That will certainly provide sufficient time. Also, if everyone can provide a time they are available for a discussion regarding resolution, we can be available. The Reply Date you need based on the new schedule I am sure will be acceptable. Thanks.

After an exchange with all counsel of record, Defendants wrote once more the next day:

> *… As I stated in my earlier email, I'm fine consenting to your request, but the Court's rules (III.B.3) require so ordering of any modification to the scheduling order currently in place*. Since the return date is today, *please file your letter* … to your extension. *Without the Court granting the extension today, I'm obligated to comply with the current so ordered schedule, which means filing all of the defendants' motion papers that I have received.*

To this, Mr. Wilson responded approximately half an hour later, "Michael, I will certainly get the letter on file …"[5]  After approximately one hour from that email, Mr. Wilson wrote:

> Can someone in the group draft this and file. I authorize an /s/.  I am still handling my family issues and may not be in front of a computer this evening. It would be much appreciated. Thank you all.

After the attorneys for each of the Defendants informed Mr. Wilson that they are unable to do so, he provided a draft letter – which does not contain the letterhead of Armstrong Teasdale – and summarily informed the Court of Mr. Wilson's self-imposed extension of time without complying with ¶ I(F) of this Court's Individual Practice Rules.  See copy of May 24, 2022 draft letter sent by Mr. Wilson annexed hereto as **Exhibit "A."**

May 24, 2022 was a crucial date in this case because it was the deadline for Defendants to submit reply papers in further support of their respective motions to dismiss, as well as the deadline for Defendants' undersigned counsel to file all papers by each Defendant pursuant to the March 29, 2022 Order.  See Text Only Order dated March 29, 2022 ("Defendants shall serve their respective replies, if any, on Plaintiff by May 24, 2022, *at which point Defendant Manda International Corporation shall file the fully-briefed motions* on ECF in accordance with Individual Practice Rule III.B.4").    As a result, on May 24, 2022, the Defendants filed all the moving papers for each of the Defendants' motions to dismiss.  See ECF Docket Entries 60-69.  On May 25, 2022, Defendants submitted a cover letter to this Court explaining:

> While Plaintiff's consolidated opposition brief was to be served by May 10, 2022, Plaintiff has not served nor filed any opposition … and no reply papers in further support have been submitted by any of the defendants as a result. Plaintiff did seek extensions to the briefing schedule, which each Defendant consented to *subject to Plaintiff filing a letter motion to seek this Court's approval of an amendment to the briefing schedule as required by ¶ III(B)(3) of the Practices*.  Plaintiff has made an eleventh-hour attempt to seek same due to the contingency of Defendants' consent ….  However, this Court obviously will not rule on the Plaintiff's request[6] until after the deadline for submission has passed.

---

[5] Quizzically, Mr. Wilson later replied to Defendants' email concerning their reference to this Court's requirement that any amendment to the briefing schedule be approved by the Court to state: "*There certainly is no need to file anything with the Court*. You have my representation that our stipulation is acceptable to me, which I appreciate. *Even if no one else can file, I will be able to later this evening*. And I certainly appreciate everyone's consideration." (emphasis added). Setting aside Mr. Wilson's incorrect representation that there is no need to file anything with the Court, Mr. Wilson again made a representation that he would file a letter and failed to do so for a second time.

[6] This reference to an eleventh-hour attempt refers to the letter annexed as Exhibit A, which Mr. Wilson failed to file.

From May 25, 2022 through June 3, 2022, Mr. Wilson sent myriad correspondence to your undersigned and all other counsel of record, but never – not once – did he act to secure an extension of time for Plaintiff to oppose the motions to dismiss. This was despite a May 25, 2022 email from Defendants inviting Plaintiff to request an extension from the Court given our prior consent and Mr. Wilson's response later that day stating "Thanks to all.  I will file today."[7]

On June 1, 2022, Mr. Wilson notified all counsel of record that he "will be withdrawing from this matter" "due to the unexpected family issues [he has] encountered."  He stated in this correspondence that he will "also file with the Court a letter regarding [his] withdrawal and the delay in briefing."[8]  On the same day, Mr. Wilson prepared another letter which he never filed with this Court because he sought, but did not receive, Defendants' consent to file it as written. See copy of Mr. Wilson's proposed letter annexed hereto as **Exhibit "B."**

Defendants promptly informed Mr. Wilson on the same date:

> Ryan:  Your letter has several issues that need to be addressed ….  First, there is no address for you.  Judiciary Law § 470 requires you to have an office within the State of New York … Please update your letter with your office address.  Second, … our consent was conditioned upon the Court granting your request.  While we consented then, you were still required to obtain the Court's permission.  ….  You failed to timely make your application to the Court for an amendment to the briefing schedule.  As such, our … motions have been submitted …Third, your letter fails to comply with [LCR] 1.4.  … Fourth, please … accurately [state] that our consent was conditioned on timely receiving an Order … granting an extension.  We do not consent to your belated request absent your ability to meet the standard set forth in Rule 6 ….  Fifth, please identify incoming counsel for the Plaintiff.  Finally, … you have failed to comply with [LCR] 1.3, which requires you to update your address with the Court immediately upon the departure from your firm.  This is troubling because your prior firm, by and through you, remains noticed as counsel in this case along with the following email addresses: ecf@atllp.com & vsanchez@atllp.com.  … To be clear, as far as Defendants … are concerned, your proposed letter is not to be filed with the Court as a joint letter.  Further, we invite all parties to request for a conference before the Court to address these issues. …

---

[7] This is the third time Mr. Wilson represented he would file something and failed to do so.

[8] Local Civil Rule 1.4 governs the withdrawal of counsel.  Notably, to this date, Mr. Wilson has not sought to withdraw as counsel.  While Local Civil Rule 1.4 does not provide a timeframe within which such a motion must be made, Defendants respectfully submit that Mr. Wilson has been dilatory in moving as required.

After another exchange between all counsel of record, Defendants wrote to Mr. Wilson:

> I speak on behalf of all Defendants in confirming that we collectively <u>do</u> <u>not</u> consent to an extension nor to your withdrawal from this case.  We reiterate the demands made in our respective emails to you yesterday and seek your compliance with same by close of business today.

Mr. Wilson took no steps on June 2, 2022 to seek an extension of time, nor did he respond appropriately to any of the demands made in Defendants' June 1, 2022 correspondence.[9]

## The Legal Standard for an Extension of Time

Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that when an act must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.  <u>See</u> Fed. R. Civ. P. 6(b)(1)(B).

## Plaintiff Fails to Establish the Existence of Excusable Neglect

To demonstrate excusable neglect, the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith. <u>See</u> <u>In re</u> <u>PaineWebber Ltd. P'ships Litig.</u>, 147 F.3d 132, 135 (2d Cir. 1998); <u>Yonofsky v. Wernick</u>, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973); <u>see also</u> <u>Tancredi v. Metropolitan Life Ins. Co.</u>, 378 F.3d 220, 228 (2d Cir. 2004). Excusable neglect under Rule 6(b) "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>See</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 392 (1993) (footnote omitted).

The determination of whether "excusable neglect" has been shown is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. <u>See</u> <u>Id.</u> at 395; <u>see also</u> <u>Alexander v. Saul</u>, 5 F.4th 139, 148 (2d Cir. 2021); <u>Yonofsky</u>, 362 F.Supp. at 1015 (<u>citing</u> <u>Staggers</u>, 359 F.2d at 296-97).

Here, Defendants can discern no basis upon which Plaintiff can establish excusable neglect. Any attempt to do so is hampered by Plaintiff's continued communications with all counsel of record while knowingly failing to secure, as required, permission from this Court in order to amend the briefing schedule, of which Plaintiff was directly notified of at least twice during exchanges between all counsel of record.  To put it simply, there is no excuse whatsoever for Plaintiff's failure to timely request an extension of time, and there is no basis to find excusable neglect given Plaintiff's continued failure to seek an extension thereafter.  Plaintiff blew it and knew it.

---

[9] A complete set of the correspondence referenced in this letter can be made available to the Court if it so requests.

**Plaintiff Fails to Establish the Existence of Good Cause**

In determining whether good cause exists, "the primary consideration is whether the moving party can demonstrate diligence." See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007); accord Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party."). And "[g]ood cause requires a showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order.'" See Jipeng Du v. Wan Sang Chow, No. 18-CIV.-1692, 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (quoting Eberle v. Town of Southampton, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013)).

Here, based on the record before this Court, there is no good cause whatsoever for an extension of time for Plaintiff to oppose Defendants' meritorious motions to dismiss. The legal issues attendant to same were addressed in great detail during the parties' September 3, 2021 pre-motion conference. See ECF Docket Entry 33. As this Court may recall, during this conference, the Court noted glaring issues with respect to Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Mr. Wilson altogether failed to address same in any coherent or logical manner. Defendants submit that this entire case was a bad faith filing designed to run the clock on Defendants' claims to foreclose on their mechanic's liens, and Plaintiff's conduct alone serves as evidence of this. Ms. Polisi's letter stating that Armstrong Teasdale's "understanding of the Eastern District's procedures is that Mr. Wilson remained the attorney of record rather than the firm" is belied by the fact that: (i) Mr. Wilson failed to make a single court filing following his departure from Armstrong Teasdale due to his willful failure to comply with LCR 1.3(d); (ii) when Mr. Peppler moved to withdraw as counsel, he specifically stated that both Armstrong Teasdale *and* Ryan M. Wilson remained as counsel of record in this case; (iii) the ECF notifications identify two Armstrong Teasdale email address (ecf@atllp.com and vsanchez@atllp.com) for receipt of notifications – to date, Armstrong Teasdale inexplicably has not notified the Court to remove those email address from notification; and (iv) the Court's and each of the Defendants' understanding was and remains that both Armstrong Teasdale and Mr. Wilson are still counsel of record in this case regardless of Mr. Wilson's employment status with Armstrong Teasdale, as is evidenced by Ms. Polisi's letter making representations on behalf of Plaintiff.

Plaintiff's letter fails to establish good cause and, instead, only raises questions. To that end, this Court should order an in-person conference with counsel and parties required to be present. Indeed, Rule 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences).

Accordingly, no good cause exists and an in-person conference must be held.

**Defendants Have Been Prejudiced by Plaintiff's Dilatory Tactics & Lackadaisical Approach**

Defendants are prejudiced by Plaintiff's bad faith filing of this RICO case, having a scarlet letter of fraud emblazoned upon them by anyone performing a simple Google search as a result of same.  Defendants thus seek to clear their name and have this case dismissed with prejudice as soon as practicable.  Sister district courts have recognized the terrible effect the filing of a RICO case has against parties, and have implemented prerequisites to the filing of such cases.  See, e.g., Rule 9 of the Local Rules of Civil Procedure of the United States District Court for the Western District of New York.[10]

There, Rule 9 provides:

> Any party asserting a claim, cross-claim, or counterclaim under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., shall file and serve a "RICO Case Statement" under separate cover.  This statement shall be filed contemporaneously with the papers first asserting the party's RICO claim, cross-claim or counterclaim, unless the Court grants an extension of time for filing.  A party's failure to file a RICO Case Statement may result in dismissal of the party's RICO claim, cross-claim, or counterclaim.  The RICO Case Statement must include those facts upon which the party is relying and which were obtained as a result of the reasonable inquiry required by Fed.R.Civ.P. 11. I

As a result, Defendants are "likely to be prejudiced by further delay." See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  Indeed, courts may presume such prejudice where, as here, the Plaintiff has caused an "unreasonable delay." Id. at 210 (quotations omitted); see also, e.g., Terry v. City of New York, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform [the Court] of any change of address") (quotations omitted).  Even if Plaintiff chose to now file its opposition papers, this Court should exercise its discretion in rejecting the same as untimely.  See, e.g., Interglobo Customs Broker, Inc. v. Herschel Imports, Inc., No. 14-CV-4995, 2015 WL 3756799, at *3–*4 (S.D.N.Y. June 5, 2015) (rejecting as untimely defendant's opposition to plaintiff's summary judgment motion, considering Local Civ. R. 6.1(b) and Fed. R. Civ. P. 6(d)); see also Distefano v. L. Offs. of Barbara H. Katsos, P.C., No. 10-MC-0564, 2011 WL 2446318, at *2 (E.D.N.Y. June 15, 2011) (ignoring plaintiffs' opposition papers to defendants' motion to withdraw reference to Bankruptcy Court, which were filed after the deadline set by Local Civil Rule 6.1(b), particularly where "the late-filing party [was] represented by counsel, the delay [was] egregious, and counsel, in addition to not establishing excusable neglect, fail[ed] to provide *any* excuse or explanation for the delay") (emphasis in original).

---

10

https://www.nywd.uscourts.gov/sites/nywd/files/2022%20Civil%20Local%20Rules%20FINAL%20with%20SIGNATURES.pdf.

This Court should similarly deny any attempt to file late opposition papers.  Based on the foregoing, Defendants respectfully request that the motions to dismiss be decided as submitted without opposition, and reiterate their request for a conference.

Dated: Lake Success, New York
   June 16, 2022      Respectfully submitted,

             **MILMAN LABUDA LAW GROUP PLLC**

             _____/s_____
             Michael J. Mauro, Esq.
             Emanuel Kataev, Esq.
             Kyle F. Monaghan, Esq.
             3000 Marcus Avenue, Suite 3W8
             Lake Success, NY 11042-1073
             (516) 328-8899 (telephone)
             (516) 328-0082 (facsimile)
             michael@mllaborlaw.com
             emanuel@mllaborlaw.com
             kyle@mllaborlaw.com

Enclosures.

cc:  All counsel of record (via ECF *sans* enclosures);
   All counsel of record (via email with enclosures); and
   & rmwilson.edny@gmail.com (via email with enclosures).