UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JGIAP RH 160 LLC,

                                      Case No.: 1:21-cv-2489 (DG) (JRC)

                Plaintiff,


CRI HOLDING CORP., TOURAJ NAGHIEH,
MORALI AND ASSOCIATES,
ANTHONY MORALI, JOSEPH MORALI,
MANDA INTERNATIONAL CORPORATION,
STRIKEFORCE MECHANICAL CORPORATION,
AND ANGELO CORRAO,

                Defendants.
------------------------------------------------------------------X



**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MANDA INTERNATIONAL CORPORATION, STRIKEFORCE MECHANICAL CORPORATION, AND ANGELO CORRAO'S MOTION TO DISMISS THE COMPLAINT UNDER FRCP 12(b)(6)**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................. 1

    **POINT I**
          **Abstention applies** ............................................................................................... 1

    **POINT II**
          **Plaintiff does not have standing** ......................................................................... 2

    **POINT III**
          **Plaintiff has not sufficiently pled "association in fact" enterprise.** ............... 4

    **POINT IV**
          **Plaintiff fails to establish a pattern of racketeering to avoid dismissal.** ....... 7

# TABLE OF AUTHORITIES

## Cases

AIU Ins. Co. v Olmecs Med. Supply, Inc., 2005 US Dist. LEXIS 29666, *22 (EDNY 2005)................5
Am. Express Co. S'holders Litig., 39 F.3d 395 (2d Cir. 1994) ...................................................... 3
AmBase Corp. v. 111 W. 57th Sponsor LLC, 785 F. App'x 886 (2d Cir. 2019) ...................................... 10
Barker v. Rokosz, 2020 U.S. Dist. LEXIS 399, at *12 (EDNY 2020) ............................................. 5
Black v. Ganieva, 21-cv-8824 (PAE), 2022 WL 2374514 (S.D.N.Y. June 30, 2022). ................... 10
Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008) ............................................................ 6
Cofacredit S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229 (2d Cir. 1999)...................... 8,9,10
Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) ................................... 1
D. Penguin Bros. v City Natl. Bank, 587 F App'x 663 (2d Cir 2014) ……………………………..4
DeFalco v. Bernas, 244 F.3d 286 (2d Cir. 2001) .............................................................................. 8
Dittmer v. County of Suffolk, 146 F.3d 113 (2d Cir. 1998) ............................................................... 1
DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242 (2d Cir. 1987). ................................. 7
Eaves v. Designs for Fin., Inc., 785 F. Supp. 2d 229 (S.D.N.Y. 2011) .............................................. 5
Entretelas Americanas S.A. v. Soler, 840 F. App'x 601 (2d Cir. 2020) ......................................... 6,7
Festinger v Snitow Kaminetsky Rosner & Snitow, LLP, 2022 US Dist LEXIS 55881,
   *48 (SDNY 2022)………………………………………………………………………………5,6
First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d, 159 (2d Cir. 2004)……………………6
GBA Contracting Corp. v. Fid. & Deposit Co. of Md., 2001 U.S. Dist. LEXIS 32, *3 (SDNY 2001)........ 1
GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463 (2d Cir. 1995) ....................................... 7
Grace Intl. Assembly of God v Festa, 797 F App'x 603 (2d Cir 2019). ............................................ 8
Gross v. Waywell, 628 F. Supp. 2d 475 (S.D.N.Y. 2009) .................................................................. 8
Hecht v. Commerce Clearing House, Inc., 897 F.2d 21 (2d Cir. 1990)…...................................... 3
H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 242 (1989)………………………….7
Jus Punjabi, LLC v. Get Punjabi Inc., 2015 U.S. Dist. LEXIS 66006, at *10 (S.D.N.Y. May 20, 2015). ... 9
Kalimantano GmbH v Motion in Time, Inc., 939 F Supp 2d 392 (SDNY 2013)......................... 8
Kalimantano GmbH v. Motion in Time, Inc., 939 F.Supp.2d 392 (S.D.N.Y. 2013)………………..8
Lefkowitz v. Bank of N.Y., No. 01 Civ. 6252 (VM), 2003
   U.S. Dist. LEXIS 19520, 2003 WL 22480049, at *9 (S.D.N.Y. Oct. 31, 2003) ...................................... 9
Lerner v Fleet Bank, N.A., 318 F.3d 113 (2d Cir 2003)..........................................................2,3,4
MAVL Cap., Inc. v. Marine Transp. Logistics, Inc., 130 F. Supp. 3d 726 (E.D.N.Y. 2015) .................... 10
Medinol Ltd. v. Bos. Scientific Corp., 346 F. Supp. 2d 575 (S.D.N.Y. 2004) ............................................ 9
MinedMap, Inc. v. Northway Mining, LLC, No. 21-1480-CV,
   2022 U.S. App. LEXIS 5098, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022)....................... 8
One World, LLC v Onoufriadis, 2021 US Dist LEXIS 9814, *24 (SDNY 2021)...................... 7,8
Ozbakir v. Scotti, 764 F. Supp. 2d 556, (W.D.N.Y. 2011) .............................................................. 10
Pieper v Benerin, LLC, 972 F Supp 2d 321 (EDNY 2013) ............................................................. 8
R.B. Dev. Co., 2013 WL 12358006, at *15 ............................................................................... 10
Samantha Siva Kumaran v Vision Fin. Mkts., LLC, 2022 US Dist LEXIS 139225 (SDNY 2022)............. 9
Siddique v. Anwar, 15-cv-4278 (DLI)(RML), 2017 WL 8776968 (E.D.N.Y. Dec. 8, 2017) ................ 10
Sperber v. Boesky, 849 F.2d 60 (2d Cir. 1988) ................................................................................ 3
Spool v. World Child Int'l Adoption Agency, 520 F.2d 178 (2d Cir. 2008)
   (quoting Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.2d 229
   (2d Cir. 1999)………………………………………………………………………………….10
United States v. Coonan, 938 F.2d 1553 (2d Cir. 1991).................................................................... 6
Weizmann Inst. of Sci. v. Neschis, 229 F. Supp. 2d 234 (S.D.N.Y. 2002) ........................................ 9

## Statutes

12(b)(6) .................................................................................................................................. 1, 3, 6, 9
Fed. R. Civ. P. 9(b) ........................................................................................................................... 7

## PRELIMINARY STATEMENT

Defendants Manda International Corporation, Strikeforce Mechanical Corporation and Angelo Corrao ("Defendants") submit this memorandum of law in further support of their motion to dismiss the frivolous Complaint filed by plaintiff JGIAP RH 160 LLC ("Plaintiff"). Plaintiff's opposition concedes Defendants' points made from the outset: Plaintiff has no standing to sue and the precedent in the Second Circuit concerning claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") forecloses the claims; even using the lenient 12(b)(6) standard, the Complaint does not present a plausible claim. The Complaint must be dismissed.

## POINT I
### Abstention applies

Plaintiff also does not dispute that the Supreme Court has explained that none of the six contemplative factors alone is necessarily determinative, but, instead, a federal district court must engage in a "carefully considered judgment[,] taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise . . ." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).

Plaintiff ignores that before engaging in the six-factor analysis, a court must make a threshold determination that the federal and state court cases are "parallel." *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid. & Deposit Co. of Md.*, 2001 U.S. Dist. LEXIS 32, *3 (SDNY 2001) (holding that complete identity of parties and claims is not required).

1

Plaintiff does not dispute that the main issue in this case are the amounts charged for services performed on the Project by Manda and Strikeforce. In the state court case, Red Hook 160 Imlay LLC ("Red Hook") argues that the same amounts are fraudulent, i.e., work billed for was not actually performed. There is complete congruity between the actions – a billing dispute.

It is irrelevant, as Plaintiff argues, that name is not in the caption of the state court case because Plaintiff has identified the exact same invoices and amounts as the state court petitioner. And, as explained in the opening brief, JGIAP alleges it took an assignment from Red Hook - a classic vulture moves to stiff a contractor of duly owed pay in attempt (that will fail) at insulating Red Hook 160 from its own liability. Plaintiff stands in the place of Red Hook; as such, they are one and the same for all intents and purposes. The only distinguishment between this case and the state court case is the absurd presence of the frivolous RICO charges. This case thus firmly falls within the *Colorado River*'s ambit.

**POINT II**
**Plaintiff does not have standing**

Plaintiff intentionally ignores what cannot be ignored: it did not exist until after the conduct complained of and Plaintiff has not alleged it lent a single penny to Red Hook – the purported owner of the property – to substantiate the fact that Plaintiff was injured. Further, Plaintiff has provided no precedent where a RICO plaintiff's creation after the injury provides standing. Plaintiff's failure to provide any legal authority that it has standing requires dismissal.

The RICO statute requires that the pattern of racketeering activity or the individual predicate acts impose a <u>direct</u> injury on plaintiffs. *See Lerner v Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir 2003). "Proximate cause under RICO [pertains] only to those with respect to whom his acts were 'a substantial factor in the sequence of responsible causation,' and whose injury was 'reasonably foreseeable or anticipated as a natural consequence.'" *Id.*

The Second Circuit has repeatedly emphasized that the reasonably foreseeable victims of a RICO violation are typically limited to the targets, competitors, and intended victims of the racketeering enterprise. *Id.* (upholding 12(b)(6) dismissal of investors who sued under RICO for loss of the money lent for an investment); *see also In re Am. Express Co. S'holders Litig.*, 39 F.3d 395, 400 (2d Cir. 1994) (holding that injury to American Express shareholders was not the foreseeable result of a scheme to discredit an American Express competitor); *Hecht*, 897 F.2d at 24 (holding that the loss of employment for failure to cooperate in RICO scheme was not proximately caused by racketeering activity because the employee was not "the target of the racketeering enterprise"); *Sperber v. Boesky*, 849 F.2d 60, 64 (2d Cir. 1988) (holding that plaintiffs were not injured by defendant's racketeering activities with regard to companies whose stock the plaintiffs did not own, because any artificial increase in the price of stocks plaintiffs owned was too remote from defendant's illegal activities to satisfy the proximate causation requirement.)

The *Lerner* case cited *supra* is on point. The Second Circuit found that the investors that lent money did not constitute a target whose alleged injury was proximately caused by the scheme. *Lerner* is dispositive of Plaintiff's claims.

This is because, here, Plaintiff could never be considered the "target" of the scheme complained of as it did not even exist at the time this conduct is alleged to have occurred. That's the end of the analysis and the claims must be dismissed.

But it's even worse for Plaintiff and its ignorantly drafted complaint: Plaintiff does not allege that it lent any money to Red Hook - Churchill 160 Imlay Lender LLC is the alleged lender (Complaint, ¶ 30). Typical to this type of scam litigation is that the Churchill entity is not the actual plaintiff here. There is no allegation that *Plaintiff* lent anything to Red Hook. It asserts nothing

more than that Plaintiff is at the end of convoluted multi-tiered assignment from the "Original Lender" that is not even a party to this case.

Plaintiff has not alleged that it provided a single penny to Red Hook regarding the Project – as such, Plaintiff has failed to plead an injury for which it has standing to bring. Plaintiff offers nothing to counter this immutable fact. As the Second Circuit cautioned litigants trying to shoehorn their alleged injury into grand RICO scheme: "The creative pleading in the instant cases serves as a reminder why the [RICO] treble damages provisions are not available to remedy every possible injury that can, with some ingenuity, be attributed to a defendant's injurious conduct." *Lerner*, 318 F3d 113 at 116. Consequently, the instant motion must be granted.

## POINT III
### Plaintiff has not sufficiently pled "association in fact" enterprise.

Again, Plaintiff intentionally ignores its own pleadings and binding authority in its erroneous struggle to demonstrate that it adequately pled an "association-in-fact" enterprise. An association-in-fact enterprise "'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'" *D. Penguin Bros. v City Natl. Bank*, 587 F App'x 663, 667 (2d Cir 2014). This type of RICO enterprise "must have at least three structural features: [1] a purpose, [2] relationships among those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id*. The enterprise must also exist "separate and apart from the pattern of activity in which it engages." *Id.*

Here, Plaintiff's opposition concedes what it must: it has not pled any facts that the enterprise exists separate and apart from the pattern of activity in which it engages. Plaintiff has pled a one-time alleged scheme to defraud by the defendants. It has not pled any facts that they worked together on any other construction projects and engaged in similar alleged activity or are

related in any other way. Plaintiff's citation to AIU proves Manda Defendants' point. In AIU, the plaintiff plead contacts among the defendants in other doctor's offices. *AIU Ins. Co. v Olmecs Med. Supply, Inc.*, 2005 US Dist. LEXIS 29666, *22-23 (EDNY 2005). There are no facts in the Complaint alleging the RICO defendants had any connection with each other than the alleged discreet conspiracy.

While new counsel states in his memorandum of law that Plaintiff has "detailed the extensive and continuing nature of that enterprise," he cites to no allegations made in the complaint to support this contention. This is not an organized crime ring like the mafia or some other criminal gang that exists apart from the particularly alleged criminal conspiracy.

The Complaint merely alleges several defendants on a particular construction job for no more than 11 months conspired to issue fraudulent invoices for work allegedly not performed. There are no allegations in the Complaint that these defendants operate separate and apart from the alleged conspiracy or have engaged in similar alleged conduct on any other construction project anywhere. Plaintiff's argument demonstrates it has no idea what a RICO claim is or how to plead it, thereby requiring dismissal. *See Barker v. Rokosz*, 2020 U.S. Dist. LEXIS 399, at *12 (EDNY 2020) ("Nothing in the complaint actually supports the inference that the defendants associated with one another or engaged in the 'fraudulent equity-stripping scheme' either before or after their transaction with the plaintiff."); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 263 (S.D.N.Y. 2011) (dismissing a RICO claim that did not "allege that [the] [d]efendants existed as an association-in-fact separate and apart from the alleged RICO activity, but rather that [they] came together strictly for the purpose of creating [] allegedly fraudulent tax shelters").

In fact, the conclusory, barebones averment that the Defendants acted separate and apart from the racketeering activity has been held insufficient to avoid dismissal. *Festinger v Snitow*

*Kaminetsky Rosner & Snitow, LLP*, 2022 US Dist LEXIS 55881, *48 (SDNY 2022) (stating defendants constituted a "distinct and separate" enterprise insufficient).

The Complaint also does not include sufficient allegations regarding the structure or operation of the alleged association-in-fact enterprises. It does not provide "any solid information regarding the 'hierarchy, organization, and activities' of th[ese] alleged association-in-fact enterprise[s]" from which this Court "could fairly conclude that their 'members functioned as a unit.'" *First Capital Asset Mgmt.*, 385 F.3d at 174-75 (quoting *United States v. Coonan*, 938 F.2d 1553, 1560-61 (2d Cir. 1991). Plaintiff singularly cites to Complaint ¶143 establish the sufficiency of the operation and management prong of the association in fact test. The barebones iteration is abjectly deficient. Plaintiff merely alleges in boilerplate fashion that the defendants participated in the operation and management of the enterprise by "overseeing and coordinating" the racketeering scheme. Alleging operation and management by pointing to participating in the alleged unlawful acts is insufficient to avoid 12(b)(6) dismissal. *Fossil Group, Inc. v Angel Seller LLC*, 2022 US Dist LEXIS 130670 (EDNY 2022) ("none of the allegations explain how the proposed RICO Counterclaim Defendants managed the enterprise itself, vis-à-vis one another. Rather, the allegations focus on the alleged enterprise members' purported roles in participating in the conduct that, Defendants contend, constituted the underlying RICO predicate acts").

1. **Plaintiff's wire and mail fraud allegations are insufficient to avoid dismissal.**

Mail fraud requires "the existence of a fraudulent scheme and a mailing in furtherance of the scheme." *Lundy*, 711 F.3d at 119. The "gravamen" of mail fraud is the "scheme to defraud." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008). "Allegations of mail fraud . . . must be made with the particularity required by Rule 9(b), which requires that the complaint allege content, date, place, or intent of any alleged misrepresentation." *Entretelas Americanas S.A. v.*

*Soler*, 840 F. App'x 601, 603 (2d Cir. 2020), as amended (Jan. 7, 2021); *see also* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake.").

"Pursuant to this higher pleading standard, the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Entretelas Americanas*, 840 F. App'x at 603-04. Moreover, where "multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). The complaint falls well short of meeting these standards. Among other things already addressed in Defendants' moving papers, the complaint lumps together all defendants in the alleged wire fraud – see ¶¶ 145-147.

### POINT IV
### Plaintiff fails to establish a pattern of racketeering to avoid dismissal.

a. **No closed-ended continuity.**

To determine close-ended continuity, courts "weigh[] a variety of non-dipositive factors, including, inter alia, the length of time over which the alleged predicate acts took place, the number and variety of acts, the number of participants, the number of victims, and the presence of separate schemes." *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 467 (2d Cir. 1995); Placing "weight [on] the duration of criminal activities . . . is required to effectuate Congress's intent to target 'long-term criminal conduct.'" *Id.* at 467 (quoting *H.J. Inc.*, 492 U.S. at 242).

Plaintiff fails to allege close-ended continuity because it has not sufficiently pled predicate acts spanning longer than two years. Plaintiff pleads mail and wire fraud acts spanning no more than 11 months. The Second Circuit has never found predicate acts spanning less than two years to be sufficient for alleging closed-ended continuity. *One World, LLC v Onoufriadis*, 2021 US Dist

LEXIS 9814, *24 (SDNY 2021) *citing Grace Intl. Assembly of God v Festa*, 797 F App'x 603, 605 (2d Cir 2019). The out-of-circuit case cited by Plaintiff warrants no different outcome. Judge McMahon rejected the same attempt to avoid the Second Circuit's clear benchmark in *One World, LLC*. Judge McMahon easily distinguished the cases by stating that those cases all involved an "unusually complex" scheme. *Id.* at *25. As in *One World*, the frivolous scheme alleged here was limited in duration, targeted one "victim", and involved only a few alleged participants. As Judge McMahon refused to reconsider the "Second Circuit's clear guidance" (*Id.*), this Court must also refuse Plaintiff's desperate attempt to salvage the unsalvageable and dismiss the Complaint. *Pieper v Benerin, LLC*, 972 F Supp 2d 321, 332 (EDNY 2013) (mail and wire fraud less than two years); s*ee Kalimantano*, 2013 U.S. Dist. LEXIS 53309, at *14 (citing *DeFalco*, 244 F.3d at 321 (2d Cir. 2001); *Cofacredit S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999)) ("[T]he Second Circuit has never held a period of racketeering activity lasting less than two years to be substantial enough to qualify as closed-ended continuity.")

Plaintiff also ignores binding authority that courts "in this Circuit have held repeatedly that allegations of RICO violations involving solely mail and wire fraud or little other variety in the predicate acts, a limited number of participants or victims, a discrete scheme with a narrow purpose or a single property—as opposed to complex, multi-faceted schemes—are generally insufficient to demonstrate closed-ended continuity." *MinedMap, Inc. v. Northway Mining, LLC*, No. 21-1480-CV, 2022 U.S. App. LEXIS 5098, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (summary order) (affirming dismissal of RICO claim for lack of closed-ended continuity, where "[a]t most, there is one scheme here"); *Kalimantano GmbH v Motion in Time, Inc.*, 939 F Supp 2d 392 (SDNY 2013) citing *Gross v. Waywell*, 628 F. Supp. 2d 475, 494-96 (S.D.N.Y. 2009) (even though defendants' scheme lasted more than four years and plaintiffs alleged more than 100 instances of

8

mail and wire fraud, the scheme as a whole had a single goal to the benefit of a limited number of defendants); *see also Medinol Ltd. v. Bos. Scientific Corp.*, 346 F. Supp. 2d 575, 616 (S.D.N.Y. 2004) (scheme with three participants, one purpose and one victim too narrow to be a pattern of racketeering activity); *Lefkowitz v. Bank of N.Y.*, No. 01 Civ. 6252 (VM), 2003 U.S. Dist. LEXIS 19520, 2003 WL 22480049, at *9 (S.D.N.Y. Oct. 31, 2003) (RICO claim insufficient because allegations amounted to nothing more than a "small number of parties engaged in activities with a narrow purpose directed at a single or at most three victims); *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 257 (S.D.N.Y. 2002) (a scheme of four acts of mail fraud committed by one person against a small number of victims in a single fraudulent scheme was too narrow and discrete to satisfy closed-ended continuity).

Plaintiff cannot escape from its allegations that are nothing more than a discrete scheme to allegedly defraud a single alleged victim. The RICO claims must be dismissed.

### b.     There is no open-ended continuity.

While a threat of continuing criminal activity is 'generally presumed when the enterprise's business is primarily or inherently unlawful,' there is no such presumption for an enterprise which 'primarily conducts a legitimate business.'" *Samantha Siva Kumaran v Vision Fin. Mkts., LLC*, 2022 US Dist LEXIS 139225 (SDNY 2022) (granting 12(b)(6) motion to dismiss RICO claims); *Jus Punjabi, LLC v. Get Punjabi Inc.*, 2015 U.S. Dist. LEXIS 66006, at *10 (S.D.N.Y. May 20, 2015). Where an "enterprise primarily conducts a legitimate business, there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." *Cofacredit*, 187 F.3d at 243.

Here, Plaintiff concedes there are no allegations that the Manda Defendants are engaged in continuing criminal activity against any other person or entity in any way (e.g., wire fraud, mail fraud) because it cites no particularized allegation. As such, Plaintiff has failed to adequately allege open-ended continuity. *See MAVL Cap., Inc. v. Marine Transp. Logistics, Inc.*, 130 F. Supp. 3d 726, 733 (E.D.N.Y. 2015) (no open-ended continuity when plaintiffs did not plausibly allege existence of any other victims or racketeering scheme); *R.B. Dev. Co.*, 2013 WL 12358006, at *15 (alleging "a long line of victims" too vague to avoid dismissal) (*citing Ozbakir v. Scotti*, 764 F. Supp. 2d 556, 571-72 (W.D.N.Y. 2011) ("RICO claim dismissed where only existence of similar fraudulent schemes perpetrated by defendants without pleading any particularized facts")).

Nor are Plaintiff's conclusory allegations that mail and wire fraud were Defendants' "regular way of doing business" sufficient to allege open-ended continuity. See *AmBase Corp. v. 111 W. 57th Sponsor LLC*, 785 F. App'x 886, 889 (2d Cir. 2019) (conclusory assertions that alleged schemes were defendants' regular way of doing business insufficient to demonstrate open-ended continuity). At best, the allegations in the SAC reveal "only 'a serious, but discrete and relatively short-lived scheme to defraud,' which is insufficient to establish open-ended continuity." *See Spool*, 520 F.3d at 186 (quoting *Cofacredit*, 187 F.3d at 244); *see also Siddique v. Anwar*, 15-cv-4278 (DLI)(RML), 2017 WL 8776968 (E.D.N.Y. Dec. 8, 2017); *R.B. Dev. Co.*, 2013 WL 12358006, at *15; *Black v. Ganieva*, 21-cv-8824 (PAE), 2022 WL 2374514 (S.D.N.Y. June 30, 2022).

Based on the foregoing, Defendants' motion to dismiss must be granted.

Dated: Lake Success, New York
      September 8, 2022                     **MILMAN LABUDA LAW GROUP PLLC**
                                                By: /s/
                                                     Michael J. Mauro, Esq.
                                                     Emanuel Kataev, Esq.
                                                     Kyle Monaghan, Esq.