UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JGIAP RH 160 LLC

                                Plaintiff,

-against-

CR! HOLDING CORP., TOURAJ NAGHIEH, MORALI
AND ASSOCIATES, ANTHONY MOR.ALI, JOSEPH MORAL!,
MANDA INTERNATIONAL CORPORATION, STRIKEFORCE
MECHANICAL CORPORATION, AND ANGELO CORRAO

                                Defendants.

Case No.:
I:2l-cv-2489 (DG) (JRC)

---

# MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT.................................................................................................................................3

    I.    Plaintiff's Fraud Claim Should Be Dismissed As Redundant As It Is Merely A Restated Breach of Contract Claims..................................................................................3

    II.   Plaintiff Has Failed To Establish A Valid Predicate Act To Support Its RICO Complaint And Therefore It Should Be Dismissed..............................................................................6

CONCLUSION................................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Best Western Int'l, Inc. v. CSI Int'l Corp.*, No. 94 CIV. 0360(LMM), 1994 WL 465905, at 4 (S.D.N.Y. Aug.23, 1994)..................................................................................................................4, 5
*Briefstein v. P.J. Rotondo Constr. Co.*, 8 A.D.2d 349, 187 N.Y.S.2d 866, 868 (1959)..............4, 5
*C.B. W. Fin. Corp. v. ComputermConsoles, Inc.*, 122 A.D.2d 10, 504 N.Y.S.2d 179, 182 (1986)............4
*Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989)..........................................................................3
*Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 89, 502 N.E.2d 1003, 1004-05 (1986)..............................................................................6
*Lundy v. Catholic Health Systems of Long Island*.........................................................................3
*McLaughlin v. Anderson*, 962 F. 2d 107 (2d cir. 1992)..............................................................3, 7
*Miller v. Volk & Huxley*, 44 A.D.2d 810, 355 N.Y.S.2d 605.........................................................6
*Mills v. Polar Molecular Corp.* 12 F.3d 1170 (1993)....................................................................7
*Official Publications, Inc. v. Kable News Co., Inc.*, 692 F.Supp. 239, 245 (S.D.N.Y.1988), *aff'd in part, rev'd in part on other grounds*, 884 F.2d 664 (2d Cir.1989)..........................................7
*Sabo v. Delman* 3 N.Y. 2d 155, 164 N.Y.S. 2d 714, 143 N.E. 2d 906 (1957)..............................6
*Scally v. Simcona Elec. Corp.*, 135 A.D.2d 1086, 523 N.Y.S.2d 307 (1987)...............................4
*Sedima, S.P.L.R. v. Imrex Co.*, 473 U.S. 479, 495-96, 105 S.Ct. 3275, 3284-85, 87 L.Ed. 2d 346 (1985).6
*Sky Medical Supply Inc. v. SCS Support Claims Service Inc., et al* 17 F. Supp.3d 207 (E.D.N.Y. 2014). 2
*Spellman v. Columbia Manicure Mfg. Co.*, 111 A.D.2d 320, 489 N.Y.S.2d 304, 307-08 (1985)..............4
*Sudul v. Computer Outsourcing Servs.*, 868 F.Supp. 59, 62 (S.D.N.Y.1994).........................4, 5, 6
*Tesoro Petroleum Corp. v Holborn Oil Co. Ltd.*, 108 AD2d 607, 607 [1st Dept 1985]................6
*Trusthouse Forte (Garden City) Management, Inc. v. Garden City Hotel, Inc.*, 106 A.D.2d 271, 483 N.Y.S.2d 216 (1984)..............................................................................................................4
*United States v. Bortnovsky*, 879 F.2d 30, 36 (2d Cir.1989).........................................................7
*Wegman v. Dairylea Coop.*, 50 A.D.2d 108, 113, 376 N.Y.S.2d 728, *lv. dism* 38 N.Y.2d 918, 382 N.Y.S.2d 979, 346 N.E.2d 817.....................................................................................3, 4, 6

## RULES:

Federal Rules of Civil Procedure 9(b)........................................................................................2, 4
Federal Rules of Civil Procedure Rule 12 (b) (6).......................................................................2, 4

## PRELIMINARY STATEMENT

This litigation arises out of the flawed conversion of the warehouse premises, known as the New York Dock Building ("Premises") located at 160 Imlay Street, Brooklyn, New York into residential condominiums by the fee owner 160 Red Hook LLC. Plaintiff was not an original party to this project. Plaintiff was a succeeding assignor of the prior mortgagee 160 Imlay Lender LLC. The fee owner 160 Red Hook LLC, as collateral for the loan made by 160 Imlay Street LLC entered into an Assignment of Agreements, Licenses, Permits and Contracts ("Assignment Agreement").

The Plaintiff had no participation in the effort to facilitate in bringing the project to conclusion. Plaintiff's sole purpose in being is to step into the shoes of the prior lender and to bring this action. Plaintiff's apparent basis for bringing this action is as the assignee of the "ancillary agreements", originally executed by Red Hook 160 LLC with Defendant CRC Holding Corp., ("Defendant CRC") and performed by its principal Defendant Naghieh ("Defendant Naghieh")., as stated in Docket Entry 1(hereinafter "Compl.") [ Compl., at ¶¶ 32-33]. It is the alleged violation of these "ancillary agreements" that Plaintiff asserts constitutes the fraud that gives rise to alleged mail fraud, the claimed predicate act needed to support Plaintiff's RICO action (id.¶¶ 66-68; ¶¶ 80-94). See <u>Sky Medical Supply Inc. v. SCS Support Claims Service Inc., et al</u> 17 F. Supp.3d 207 (E.D.N.Y. 2014).

Plaintiff has conflated its claim of fraud with a claim for breach of contract. Plaintiff clearly alleges that Defendants CRI, Manda and Morelli breached their agreements to perform the work as contemplated. Plaintiff has strikingly alleged that Defendants CRI, Manda and Strikeforce breached their agreements as a threshold for their liability in this action. (id. ¶¶ 66-75). The repeated allegations of alleged failure of the Defendants to perform their contractual obligations are offered as "proof" of the Defendants' mail fraud as the necessary predicate for this untenable RICO action (id. ¶¶ 2-13; ¶¶ 66-85; ¶¶ 86-100). The facts as posited in Plaintiff's complaint do not support a claim for actionable

fraud. A failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract. See *Wegman v. Dairylea Coop.*, 50 A.D.2d 108, 113, 376 N.Y.S.2d 728, *lv. dism.* 38 N.Y.2d 918, 382 N.Y.S.2d 979, 346 N.E.2d 817.

The Plaintiff's failure to recognize that its true cause may lie in a breach of contract action underscores the flaws enunciated in Defendants CRI and NAGHIEH'S motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12 (b) (6). Plaintiff's complaint is grounded in putative claims of mail fraud (id. ¶¶ 80-100). "To prove a violation of the mail fraud statute, plaintiff must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme." See *Lundy v. Catholic Health Systems of Long Island*, (quoting *McLaughlin v. Anderson*, 962 F. 2d 107 (2d cir. 1992); 711 F.3d 106 (2d cir. 2013) Moreover, pursuant to Federal Rules of Civil Procedure 9(b), a plaintiff must plead the elements of mail fraud with particularity in order to survive a motion to dismiss. The "[b]are-bones allegations do not satisfy Rule 9(b)."*Id.* Rather, as noted *supra,* "the 'complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *Id.*(quoting *Cosmas v. Hassett*,886 F.2d 8, 11 (2d Cir.1989). These arguments raised in Defendants CRI and NAGHIEH'S motion seeking dismissal of the Complaint pursuant to Federal Rules of Civil Procedure Rule 12 (b) (6) and Federal Rules of Civil Procedure 9(b) are to be given greater valence in light of the analysis that show that the dispute between the parties is a garden variety breach of contract dispute. Accordingly, this Court should not hesitate to dismiss Plaintiff's Complaint.

### Argument

1. Plaintiff's Fraud Claim Should Be Dismissed As Redundant As It Is Merely A Restated Breach of Contract Claims.

Under New York law, "where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant, and plaintiff's sole remedy is for breach of contract."*Sudul v. Computer Outsourcing Servs.*, 868 F.Supp. 59, 62 (S.D.N.Y.1994). In other words, simply dressing up a breach of contract claim by further alleging that the promisor had no intention, at the time of the contract's making, to perform its obligations thereunder, is insufficient to state an independent tort claim."*Best Western Int'l, Inc. v. CSI Int'l Corp.*,No. 94 CIV. 0360(LMM), 1994 WL 465905, at 4 (S.D.N.Y. Aug.23, 1994); *Spellman v. Columbia Manicure Mfg. Co.*,111 A.D.2d 320, 489 N.Y.S.2d 304, 307-08 (1985);*Wegman v. Dairylea Co-op., Inc.*,50 A.D.2d 108, 376 N.Y.S.2d 728, 734-35 (1975).

In general, mere allegations of breach of contract do not give rise to a claim for fraud or fraudulent inducement, under New York law. See *Scally v. Simcona Elec. Corp.*,135 A.D.2d 1086, 523 N.Y.S.2d 307 (1987);*Trusthouse Forte (Garden City) Management, Inc. v. Garden City Hotel, Inc.*,106 A.D.2d 271, 483 N.Y.S.2d 216 (1984); *C.B. W. Fin. Corp. v. ComputermConsoles, Inc.*,122 A.D.2d 10, 504 N.Y.S.2d 179, 182 (1986); *Wegman v. Dairylea Coop., Inc.*,supra.

New York courts have held that, where a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant, and plaintiff's sole remedy is for breach of contract. These courts have adopted, in varying degrees, the reasoning first articulated in *Briefstein v. P.J. Rotondo Constr. Co.*, 8 A.D.2d 349, 187 N.Y.S.2d 866, 868 (1959):

> To say that a contracting party intends when he enters an agreement not to be bound by it is not to state 'fraud' in an actionable area, but to state a willingness to risk paying damages for breach of contract.... The policy which runs through the fabric of the law of contracts is to bind a party by what he agrees to do whether or not he intends to do what he agrees. Implicit in the policy sanctioning the formalization of contractual undertakings is precaution against an existing intention not to be bound by the agreement as well as future a future change of mind about being bound by it. Actionable relief hangs on

4

breach; and under the facts here pleaded, relief does not lie for fraud resting on an intention not to perform.

Plaintiff has alleged it is the assignee of "all plans and specifications for any work performed at the Premises and all other agreements (including, but not limited to, those with architects, contractors, construction managers, suppliers and the like), plans specifications and records relating to construction, development, use, ownership, operation and/or maintenance of the Project (Complaint ¶ 31). It is Plaintiff's status as the assignee of the foregoing that is the touchstone of the claims posited in the challenged Complaint. Plaintiff's Complaint even though it may be entitled to liberal construction in the face of the present motions seeking its dismissal is not immune from dismissal based upon the above cited authorities. See *Sudul v. Computer Outsourcing Servs.*, supra.

Plaintiff has unabashedly alleged that Defendants CRI, Manda and Strikeforce breached their agreements as a threshold for their liability in this action. (*id.* ¶¶ 66-75). Plaintiff asserts its claim for fraud as a "scheme" to accelerate receipt of full monthly fees by understating both the quantity and quality of the work necessary to complete the project (*id.* 80-84). Such allegations smack of a claim that these Defendants were not honoring their performance obligations under their contracts. These allegations on their face and taken to be true, only evince an inclination on the part of these Defendants as contracting parties not to be bound by their Contracts with a willingness to risk paying damages for breach of contract. See *Briefstein v. P.J. Rotondo Constr. Co.*, supra. Such allegations do not support a claim of fraud. Actionable relief, if any hangs on a provable breach of the various contracts under such facts pleaded herein (*id.* ¶¶ 80-84). It has been judicially held that relief does not lie for fraud resting on an intention not to perform. See *Best Western Int'l, Inc. v. CSI Int'l Corp.*, supra.

Defendant CRI it is alleged failed to exercise its due diligence to review requisitions for payments and improperly authorized payments to Defendant Manda (*id.* 88-91). Again, accepting such allegation as true, there is no discernible fraud, merely an alleged failure to perform in accordance with

5

the contracts Defendant CRI made with the developer Red Hook 160 LLC ("RH 160") (*id.* ¶¶ 35-42). These are the very contracts assigned to Plaintiff (*id.* ¶ 31).

This is the context in which the vulnerability off Plaintiff's Complaint is to be assessed. See *Sudul v. Computer Outsourcing Servs.*, supra. A contracting party's mere promissory statement that he will live up to his contractual obligations (or actions evincing non-performance of the contract) is traditionally not the basis of a fraud claim. *Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 89, 502 N.E.2d 1003, 1004-05 (1986). A misrepresentation of a present intention to honor a contractual commitment may give rise to an actionable fraud. See *Sabo v. Delman* 3 N.Y. 2d 155, 164 N.Y.S. 2d 714, 143 N.E. 2d 906 (1957). Such salient fact is missing from Plaintiff's Complaint and underscores the frailty of Plaintiff's Complaint. A failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract. See *Wegman v. Dairylea Coop.*, supra; *Miller v. Volk & Huxley*, 44 A.D.2d 810, 355 N.Y.S.2d 605); *Tesoro Petroleum Corp. v Holborn Oil Co. Ltd.*, 108 AD2d 607, 607 [1st Dept 1985].

Accordingly, Plaintiff's fraud claim is redundant and untenable to sustain a claim that Defendants CRI and Naghieh committed a predicate act to support this spurious RICO Complaint. This is sufficient basis to dismiss Plaintiff's Complaint.

2. Plaintiff Has Failed To Establish A Valid Predicate Act To Support Its RICO Complaint And Therefore It Should Be Dismissed.

To state a mail and wire fraud claim under RICO, a plaintiff must allege that the defendant made two predicate communications, via interstate commerce, that constitute a pattern of racketeering activity. *Sedima, S.P.L.R. v. Imrex Co.*, 473 U.S. 479, 495-96, 105 S.Ct. 3275, 3284-85, 87 L.Ed. 2d 346 (1985). Like allegations of securities fraud, allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and

explain why they were fraudulent. See *Official Publications, Inc. v. Kable News Co., Inc.*, 692 F.Supp. 239, 245 (S.D.N.Y.1988), *aff'd in part, rev'd in part on other grounds*, 884 F.2d 664 (2d Cir.1989).

To prove a violation of the mail fraud statute, plaintiffs must establish the existence of a fraudulent scheme and a mailing in furtherance of the scheme." *McLaughlin v. Anderson*, 962 F.2d 187, 190-91 (2d Cir.1992). Further, the plaintiff must show "1) that the defendant 'caused' the mailing and 2) that the mailing was for the purpose of executing the scheme or incidental to an essential part of the scheme. See *United States v. Bortnovsky*, 879 F.2d 30, 36 (2d Cir.1989).

Plaintiff is unable to meet the above litmus. Plaintiff has failed to establish the predicate acts of either mail fraud or wire fraud because the acts delineated in Plaintiff's Complaint at best allege a claim for breach of contract. Consequently, Plaintiff cannot show a fraudulent scheme to sustain its RICO Complaint. See *United States v. Bortnovsky*, supra.; *McLaughlin v. Anderson*, supra. The ineluctable conclusion this Court should reach is that Plaintiff having failed to plead predicate acts of mail and wire fraud must suffer the dismissal of its Complaint. See *Mills v. Polar Molecular Corp.* 12 F.3d 1170 (1993).

## CONCLUSION

For the reasons stated above, Defendants CRI and NAGHIEH'S motion to dismiss Plaintiff's Complaint should be granted.

Dated: New York, New York
September 8, 2022

Respectfully submitted,

//s//
_____
MARK S. FRIEDLANDER
101 Lafayette Street-10th Floor
New York, New York 10013
(212) 962-2877
Email: msfesq47@aol.com
Attorney for Defendants CRI HOLDING
CORP., and TOURAJ NAGHIE