UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JGIAP RH 160 LLC,

                              Plaintiff,

      -against-

CRI HOLDING CORP., TOURAJ NAGHIEH, MORALI AND ASSOCIATES, ANTHONY MORALI, JOSEPH MORALI, MANDA INTERNATIONAL CORPORATION, STRIKEFORCE MECHANICAL CORPORATION, AND ANGELO CORRAO,

                              Defendants.
-----------------------------------------------------------------X

Case No.: 1:21-cv-2849 (DG) (JRC)

**AFFIRMATION OF MICHAEL J. MAURO, ESQ. IN SUPPORT OF MANDA INTERNATIONAL CORP.'S, STRIKEFORCE MECHANICAL CORP.'S, AND ANGELO CORRAO'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF <u>CIVIL PROCEDURE</u>**

      **MICHAEL J. MAURO, ESQ.**, an attorney duly admitted to practice law before the Courts of the State of New York and before this Court declares the following to be true under the penalties of perjury:

      1.      I am a partner of Milman Labuda Law Group PLLC, counsel for Defendants Manda International Corp., (hereinafter "Manda") Strikeforce Mechanical Corp., (hereinafter "Strikeforce") and Angelo Corrao (hereinafter "Corrao") (hereinafter Manda, Strikeforce, and Corrao collectively "Defendants") in the above-entitled action. As such, I am familiar with all of the facts and circumstances heretofore had herein.

      2.      I make this affirmation in support of Defendants' motion pursuant to Federal Rules of Civil Procedure ("FRCP") 11 and 28 U.S.C. § 1927 for sanctions against Plaintiff, JGIAP RH 160 LLC (hereinafter "Plaintiff" or "JGIAP"), and its counsel, Ryan M. Wilson, Esq. (hereinafter "Mr. Wilson") and Armstrong Teasdale LLP (hereinafter "Armstrong Teasdale").

3. Annexed hereto as Exhibit "A" is a copy of the Rule 11 Safe Harbor Letter and Notice of Motion that was served upon Mr. Wilson and Armstrong Teasdale on June 2, 2022.

Dated: Lake Success, New York
June 30, 2022

**MILMAN LABUDA LAW GROUP PLLC**

_____/s/_____
Michael J. Mauro, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1363 (direct dial)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com

*Attorneys for Defendants*
*Strikeforce Mechanical,*
*Manda International Corp.*
*and Angelo Corrao*

# Exhibit "A"

# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 2, 2022

**VIA CERTIFIED MAIL & E-MAIL**
Armstrong Teasdale, LLP
<u>Attn</u>: Ryan M. Wilson, Esq.
919 Third Ave, 37th Floor
New York, NY 10022
rwilson@atllp.com
rmwilson.edny@gmail.com

      *Re*:    **JGIAP RH 160 LLC v. CRI Holding Corp.,** *et al.*
             **Case No.: 1:21-CV-02489 (DG) (JRC)**
             <u>**MLLG File No.: 62-2021**</u>

Dear Counselors:

      As you are aware, this firm represents Defendants Manda International Corp. (hereinafter "Manda"), Strikeforce Mechanical Corp. (hereinafter "Strikeforce"), and Angelo Corrao (hereinafter "Corrao") (Manda, Strikeforce, and Corrao collectively hereinafter referred to as "Defendants") in the above referenced case.

      This letter shall serve as notice, pursuant to Rule 11 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") of Defendants' anticipated motion for sanctions in order to provide you with twenty-one (21) days to withdraw your complaint in federal court on the ground that Plaintiff cannot establish a "pattern of racketeering" through either an open-ended pattern of racketeering activity nor a closed-ended pattern of racketeering and as otherwise set forth in Defendants' pending motion to dismiss which was fully submitted on May 24, 2022. Moreover, Plaintiff cannot establish that it has standing to bring the instant lawsuit. Plaintiff's claim amounts to no more than an improper filing of stigma-inducing Racketeer Influenced and Corrupt Organizations Act ("RICO") claims to avoid paying invoices for work performed by the Defendants.

## <u>RULE 11 SAFE HARBOR INFORMATION</u>

      "Pursuant to Rule 11, and in accordance with well-established Second Circuit precedent, attorneys have an affirmative obligation to conduct a reasonable inquiry into the viability of a written motion and any supporting paper before it is filed with the court. A reasonable inquiry requires an attorney to ensure that the filing: (1) was not presented for an improper purpose; (2) is premised upon current law or a good faith argument for the extension, modification or reversal of existing law; *and* (3) contains factual allegations that are not utterly lacking in evidentiary support." See <u>Kingvision Pay-Per-View Ltd. v. Ramierez</u>, No. 05-CIV.-2778 (HB), 2005 WL 1785113, 1 (S.D.N.Y. 2005).

In the complaint you drafted, Plaintiff fails to allege facts of an open-ended pattern of continuity and instead, alleges a single fraud that was carried out by Defendants over the course of approximately six months. Moreover, ordinary fraud, as is alleged here, is not considered "inherently unlawful" under an open-ended pattern of continuity. See United States v. Aulicino, 44 F.3d 1102, 1111 (2d Cir. 1995). Plaintiff similarly fails to allege, and cannot prove, that Defendants engaged in "a series of unrelated predicates extending over a substantial period of time" to establish a closed-ended continuity RICO claim. See DeFalco v. Bernas, 244 F.3d 286 (2d Cir. 2001). Plaintiff alleges in its complaint that the purported scheme was carried out between January and June 2020 and then discretely in November 2020, therefore, Plaintiff cannot establish a close-ended continuity RICO claim.

Additionally, the arguments raised by the owner of the property at issue, Red Hook 160 LLC, in a separate state court proceeding currently pending before the Kings County Supreme Court raises a standing issue and makes Plaintiff's RICO claims frivolous and meritless. See In the Matter of the Application of Red Hook 160 LLC, v. Manda International Corp. et al., Index No. 513748/2021 (Sup. Ct. Kings Cnty.). There, the owner of the property, Red Hook 160 LLC, stated that "regardless of what the plaintiff in the Federal Action alleged, RH 160, as the owner of the property against which Lienors filed liens, is statutorily entitled to a proper itemization" and the owner of the property states that based on the invoices submitted, it cannot determine what work was actually performed. Id. Plaintiff here now asserts that it does know what happened based on the invoices submitted and that Defendants engaged in RICO. These two conflicting arguments cannot survive and Plaintiff's knowledge of the conflicting argument while continuing to assert the current argument is for an improper purpose.

Here, there is no factual basis for you to assert that Defendants engaged in RICO as against Plaintiff. Accordingly, this serves to notify you that if Plaintiff does not withdraw the Complaint, Defendant will move for sanctions after which time Plaintiff will be appropriately sanctioned for forcing Defendants to incur substantial fees and costs in defending against Plaintiff's frivolous RICO allegation.

## **CONCLUSION**

If Defendants are forced to file a Rule 11 motion, the sanctions they intend to seek an Order directing both Plaintiff and your firm to pay Defendants' attorneys' fees for defending themselves in this action which includes all time expended by Defendants. In fact, "both a represented party and his attorney can be sanctioned under Rule 11(b)(3) for the factual [or legal] insufficiency of a complaint." See Amorosa v. Ernst & Young LLP, No. 03-CIV.-3902 (CM) 2010 WL 245553, 4 (S.D.N.Y. 2010); see also Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986) ("[A] sanction for attorneys' fees may be imposed either on the attorney who signs a paper, or on the party he represents, or on both").

Accordingly, we demand that Plaintiff withdraw its meritless complaint within twenty-one (21) days to avoid the necessity of filing a Rule 11 motion.

Guide yourselves accordingly.

Dated: Lake Success, New York
       June 2, 2022

Regards,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Michael J. Mauro, Esq.
Emanuel Kataev, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com
emanuel@mllaborlaw.com
kyle@mllaborlaw.com

**VIA CERTIFIED MAIL & E-MAIL**
Armstrong Teasdale, LLP
<u>Attn</u>: Richard L. Scheff, Esq.
919 Third Ave, 37th Floor
New York, NY 10022
rlscheff@atllp.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JGIAP RH 160 LLC,

          Case No.: 1:21-cv-2849 (DG) (JRC)

      Plaintiff,

          **NOTICE OF MOTION**
 -against-       **FOR SANCTIONS**
          <u>**UNDER FED. R. CIV. P. 11**</u>

CRI HOLDING CORP., TOURAJ
NAGHIEH, MORALI AND ASSOCIATES,
ANTHONY MORALI, JOSEPH MORALI,
MANDA INTERNATIONAL
CORPORATION, STRIKEFORCE
MECHANICAL CORPORATION, AND
ANGELO CORRAO,

      Defendants.
-------------------------------------------------------------------X

  **PLEASE TAKE NOTICE** that Defendants Manda International Corp., Strikeforce Mechanical, Inc., and Angelo Corrao (collectively hereinafter the "Defendants") will move this Court, before the Hon. Diane Gujurati, U.S.D.J., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4B South, Brooklyn, NY 11201-1804, for an Order, pursuant to Rule 11 of the Federal Rules of Civil Procedure, based on Plaintiff's frivolous RICO claims against Defendants which are without basis in fact or law.

  **PLEASE TAKE FURTHER NOTICE** that Defendants also move, pursuant to the Court's inherent power, due to the numerous frivolous and wasteful litigation practices Plaintiff, together with its counsel, have demonstrated, and pursuant to 28 U.S.C. § 1927, as Plaintiff and its counsel's actions multiplied the proceedings by asserting a RICO claims that have no basis in fact or law.  The Defendants seek dismissal of the RICO claims, the payment for the costs and expenses incurred due to the foregoing sanctionable conduct, and the payment of their attorneys' fees for defending against the RICO claims.

Dated: Lake Success, New York
   June 2, 2022       **MILMAN LABUDA LAW GROUP PLLC**

                By: */s/ Emanuel Kataev, Esq.*
                Michael J. Mauro, Esq.
                Emanuel Kataev, Esq.
                Kyle F.O. Monaghan, Esq.
                3000 Marcus Avenue, Suite 3W8
                Lake Success, NY 11042-1073
                (516) 328-8899 (office)
                (516) 328-0082 (facsimile)
                michael@mllaborlaw.com
                emanuel@mllaborlaw.com
                kyle@mllaborlaw.com

                *Attorneys for Defendants*
                *Manda International Corp.*
                *Strikeforce Mechanical Corp.*
                *& Angelo Corrao*

**VIA CERTIFIED MAIL & E-MAIL**
Armstrong Teasdale, LLP
<u>Attn</u>: Ryan M. Wilson, Esq.
919 Third Ave, 37th Floor
New York, NY 10022
rwilson@atllp.com
rmwilson.edny@gmail.com

**VIA CERTIFIED MAIL & E-MAIL**
Armstrong Teasdale, LLP
<u>Attn</u>: Richard L. Scheff, Esq.
919 Third Ave, 37th Floor
New York, NY 10022
rlscheff@atllp.com

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT

7021 2720 0000 8986 8693

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage

Postmark Here
6/2/22

Armstrong Teasdale, LLP
Attn: Richard L. Scheff, Esq.
919 Third Ave, 37th Floor
New York, NY 10022

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7021 2720 0000 8986 8693

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT

7021 2720 0000 8986 8686

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage

Postmark Here
6/2/22

Armstrong Teasdale, LLP
Attn: Ryan M. Wilson, Esq.
919 Third Ave, 37th Floor
New York, NY 10022

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7021 2720 0000 8986 86

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 53
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ 3.05
☐ Return Receipt (electronic) $ 3.75
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $ 7.33
Postage

Postmark Here
6/2/22

Armstrong Teasdale, LLP
Attn: Richard L. Scheff, Esq.
919 Third Ave, 37th Floor
New York, NY 10022

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7021 2720 0000 8986 8709

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ .53
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $ 3.05
☐ Certified Mail Restricted Delivery $ 3.75
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage 7.33

Postmark Here
6/2/22

Armstrong Teasdale, LLP
Attn: Ryan M. Wilson, Esq.
919 Third Ave, 37th Floor
New York, NY 10022

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7021 2720 0000 8986 7535

