UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JGIAP RH 160 LLC,

                         Plaintiff,                        **MEMORANDUM & ORDER**
                                                                           21-CV-02489 (DG) (JRC)
     -against-

CRI Holding Corp., Touraj Naghieh, Morali and
Associates, Anthony Morali, Joseph Morali, Manda
International Corporation, Strikeforce Mechanical
Corporation, and Angelo Corrao,

                         Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On September 8, 2022, Defendants Manda International Corporation, Strikeforce Mechanical Corporation, and Angelo Corrao (collectively, the "Manda Defendants"); Defendants Morali and Associates, Anthony Morali, and Joseph Morali (collectively, the "Morali Defendants"); and Defendants CRI Holding Corp. and Touraj Naghieh (together, the "CRI Defendants") moved to dismiss Plaintiff JGIAP RH 160 LLC's Complaint, ECF No. 1, which asserts state law claims and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See ECF No. 99 (Manda Defendants' motion); ECF No. 102 (Morali Defendants' motion); ECF No. 106 (CRI Defendants' motion). Plaintiff opposed the motions to dismiss. See ECF No. 109. On September 8, 2022, the Manda Defendants also moved for sanctions against Plaintiff, Armstrong Teasdale LLP, and Ryan M. Wilson, Esq. (collectively, the "Rule 11 Respondents"). See ECF No. 113. The Rule 11 Respondents opposed the motion for sanctions and requested an award of attorneys' fees and expenses incurred in answering the motion. See ECF No. 116. On July 19, 2023, the Manda Defendants filed a motion for a pre-

motion conference, which Plaintiff opposed. *See* ECF Nos. 122, 123.[1]

On August 16, 2023, Magistrate Judge James R. Cho issued a thorough Report and Recommendation ("R&R") recommending that the Court (1) grant the motions to dismiss Plaintiff's RICO claims against all Defendants, decline supplemental jurisdiction over the state law claims, and dismiss Plaintiff's Complaint without prejudice; (2) grant Plaintiff leave to file an amended pleading within 30 days of a Memorandum and Order adopting the R&R's recommendations; and (3) deny the parties' cross-motions for sanctions. *See* R&R at 55, ECF No. 124.[2] Judge Cho also recommended that the Court deny the Manda Defendants' pre-motion conference request as moot given the recommendation to grant the Manda Defendants' motion to dismiss. *See* R&R at 7 n.5.

On September 7, 2023, the Manda Defendants filed a motion to set aside the R&R in part, which the Court construes as the Manda Defendants' objections to the R&R. *See* Manda Defendants' Memorandum of Law in Support of Objections to the R&R ("Manda Defs.' Obj. Br."), ECF No. 127; *see also* ECF No. 126 (Notice of Motion). The Manda Defendants object to the recommendation that Plaintiff be granted leave to file an amended pleading and the recommendation that the Manda Defendants' motion for sanctions be denied. *See generally* Manda Defs.' Obj. Br.

On September 21, 2023, the Rule 11 Respondents filed a response to the Manda

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

[2] The recommendation that Plaintiff be granted leave to file an amended pleading was a *sua sponte* recommendation, as Plaintiff had not sought leave to amend. *See* R&R at 38.

The reference to "cross-motions for sanctions" is to the Manda Defendants' motion for sanctions and the Rule 11 Respondents' request for an award of attorneys' fees and expenses incurred in answering the motion.

2

Defendants' objections, arguing that the R&R should "be adopted with respect to its denial of the Manda Defendants' motion for sanctions" and asserting that the Manda Defendants' arguments to the contrary lack merit.  *See generally* ECF No. 129.  Although the Rule 11 Respondents reference the R&R's recommendation that Plaintiff be granted leave to file an amended pleading, the Rule 11 Respondents do not explicitly respond to the Manda Defendants' objection to that recommendation.  *See generally* ECF No. 129.

Plaintiff, Armstrong Teasdale LLP, Ryan M. Wilson, Esq., the Morali Defendants, and the CRI Defendants did not file any objections to the R&R.  *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

Because no party has objected to the R&R's recommendations that the Court grant the

3

motions to dismiss Plaintiff's RICO claims against all Defendants, decline supplemental jurisdiction over the state law claims, and dismiss Plaintiff's Complaint; deny the Rule 11 Respondents' cross-motion for sanctions; and deny the Manda Defendants' pre-motion conference request as moot, the Court's review of the R&R with respect to those recommendations is for clear error.  Having reviewed the R&R and having found no clear error, the Court adopts those recommendations.

In light of the Manda Defendants' objections to the R&R, the Court reviews *de novo* the R&R with respect to the recommendation that Plaintiff be granted leave to file an amended pleading and the recommendation that the Manda Defendants' motion for sanctions be denied.

A review of the R&R, the record, and the applicable law reveals that Judge Cho properly concluded that the Manda Defendants' motion for sanctions should be denied.  The Court therefore adopts that recommendation.

Upon *de novo* review, however, the Court concludes that Plaintiff should not be granted leave to amend the Complaint.  While recognizing that the Complaint in this action is the first Complaint and that Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] . . . when justice so requires," on the record before the Court, the Court does not find that leave to amend is warranted here.  As noted in the Manda Defendants' objections briefing, *see* Manda Defs.' Obj. Br. at 5-6, by Order dated January 25, 2022, the Court directed Plaintiff to indicate in writing whether Plaintiff would seek leave to amend the Complaint and on January 28, 2022, Plaintiff filed a letter stating that it "does not believe there is any need to amend its Complaint."  *See* Order dated January 25, 2022 (setting forth that Defendants allege that Plaintiff's Complaint "suffers from various pleading defects" and directing Plaintiff to indicate in writing whether it will seek leave to amend "in light of one

or more of the alleged pleading defects"); ECF No. 50 (setting forth Plaintiff's position that the allegations in the Complaint are sufficient). And, as noted in the R&R, Plaintiff did not in connection with its briefing on the instant motions to dismiss request an opportunity to amend the Complaint to cure its pleading deficiencies. *See* R&R at 38. Nor, to date, has Plaintiff – even in light of the Manda Defendants' objection to the recommendation that leave to file an amended pleading be granted – made any attempt to indicate how Plaintiff might cure the deficiencies. *See generally* docket. Moreover, the risk of undue prejudice to Defendants counsels against granting Plaintiff leave to amend.

* * *

The Manda Defendants' Motion to Dismiss, ECF No. 99, the Morali Defendants' Motion to Dismiss, ECF No. 102, and the CRI Defendants' Motion to Dismiss, ECF No. 106, are GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED without leave to amend. Dismissal is with prejudice with respect to the RICO claims and without prejudice with respect to the state law claims. The Manda Defendants' Motion for Sanctions, ECF No. 113, and the Rule 11 Respondents' request for an award of attorneys' fees and expenses, *see* ECF No. 116, are DENIED. The Manda Defendants' motion for a pre-motion conference, ECF No. 122, is DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

                                                                   */s/ Diane Gujarati*
                                                                   DIANE GUJARATI
                                                                   United States District Judge

Dated: September 28, 2023
       Brooklyn, New York